[Stoudenmire v. Harper Brothers.]

# Stoudenmire *v.* Harper Brothers.

*Action on Promissory Note.*

1. *Memorandum ; use of, by witness, and when admissible as evidence.*
To render a memorandum admissible as evidence, the witness must be
able to testify that he knew its contents when it was made, and knew
them to be true; it must have been made at or near the time of the
occurrence or transaction to which it relates, and the original must be
produced, or its absence accounted for. But a witness may refresh his
memory by reference to a memorandum, made at or about the time of
the occurrence to which it relates, when he knows it to be correct, and,
after refreshing his memory, can testify from independent recollection ;
and he may use a copy which he knows to be correct, without producing
the original; in which case, the memorandum is not admissible as evi-
dence, unless called for by the adversary party ; nor can a copy be used,
if the original is in court.

2. *Same.*—When a memorandum is not admissible under the rule
above stated, it is error to allow counsel to exhibit it to the jury in argu-
ment, or to permit the jury to take it with them on their retirement; and
the error is not cured by instructing them that they are not to consider
it as evidence.

6. *Evidence of custom.*—In an action between a merchant and one of
his clerks, the contract of employment being silent as to the price at
which the latter might take up goods, it is permissible to prove the cus-
tom existing between merchants and their employees ; but it must be
first shown that the clerk knew of the custom at the time of his employ-
ment, or that it had existed long enough to raise the presumption of
knowledge by him.

4. *Evidence of previous and subsequent dealings between parties.*—In
the absence of an express agreement between plaintiff and his employer,
a merchant, as to the price at which he might take up goods in the store,
evidence of the dealings between them, prior and subsequent, under
similar agreements, is admissible as bearing on the question of their
intention and understanding in the particular case.

5. *Estoppel in pais.*—If the defendant knew that plaintiff, while in
his employment as clerk and book-keeper, charged himself with goods
taken up by him at cost price only, and did not object to it, this would
not estop him from denying his right to do so, but is a circumstance
from which the jury may infer the understanding or agreement of the
parties.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

The appellant, M. G. Stoudenmire, brought suit against
the appellees, Harper Brothers, on a note for $430.92 made
by them, dated Jan. 9, 1882, and payable one day after date
to appellant, with interest from date.

The defendants pleaded the general issue, payment, accord
and satisfaction and set-off.

[Stoudenmire v. Harper Brothers.]

R. Harper, one of the defendants, being introduced as a witness in their behalf, produced a memorandum of an account against the plaintiff, which he testified was correct and taken from the books then in court, and thereupon offered to use said memorandum in testifying before the jury. The plaintiff objected to this use of the memorandum, on the ground that the books were the original and best evidence of their contents. The court overruled the objection and allowed the witness to use the memorandum in testifying, and the plaintiff excepted. The witness further testified in reference to said memorandum, that it was not a copy of the entries in the books from which taken, but an addition by witness of amounts found upon the books.

The plaintiff had been in the employ of appellees as their book-keeper, for the years 1881, 1882, 1883 and 1884, and purchased goods from them during that time, which he charged to himself at original cost. One of the items upon said memorandum, was a charge of ten per cent. on the original cost of the goods purchased by appellant, claimed by defendants for freight thereon and cost of laying down said goods at Elba, their place of business.

Defendants introduced two merchants of Elba as witnesses, who testified that it cost ten per cent. on the first cost of goods to deliver them in Elba, and that it was a custom among the merchants of Elba to charge their employees for goods purchased by them ten per cent. on first cost.

In rebuttal, plaintiff offered to prove, that he had been engaged in Elba, as a book-keeper and clerk, for the last ten or twelve years, and it was his custom to take at original cost the goods which he purchased at the stores of his employers. The defendants objected to this evidence, the court sustained the objection, and the plaintiff excepted.

The plaintiff then offered to prove that R. Harper, one of defendants and plaintiff, clerked for one Fountaine in the year 1879 and a part of 1880, and that it was plaintiff's custom, which was known to said Harper, to only charge himself the original cost of goods purchased by him at the store of said Fountaine. The court sustained an objection of defendants to this evidence, and plaintiff excepted.

Plaintiff next offered to prove, that the defendants and one Ham bought out said Fountaine in the year 1880, while plaintiff was clerking for him, and hired plaintiff to clerk for them for the year 1880, and that he got his goods from them at original cost, and they settled with him on that basis, making no complaint at his charging said goods to himself at first costs, and that defendants then bought out

said Ham and hired plaintiff as their book-keeper for the year 1881. The court, on the objection of defendants, excluded this evidence, and the plaintiff excepted.

In their argument to the jury, the counsel of defendants offered to refer to and exhibit the memorandum mentioned above. The plaintiff objected. The court overruled the objection, at the same time telling the jury, that it was only a statement of the accounts between the parties and should not be considered as evidence. The plaintiff excepted.

When the jury were retiring to consider their verdict, the court, at the request of defendants, allowed them to take said memorandum out with them to be used by them as a memorandum. The plaintiff excepted to this action of the court.

There was proof tending to establish the facts hypothetically stated in the following charges, which were asked in writing by the plaintiff and refused by the court separately, and to the refusal of each of which, the plaintiff duly excepted:

" 1. If the proof shows that the Messrs. Harpers ascertained in 1882, that Stoudenmire was charging the goods which he purchased from the firm at first costs, and did not make any complaint to Stoudenmire about it, nor intimate to him that they expected to charge him the ten per cent. on first costs, but continued to hire him and keep him in their service from year to year, and he still. charging the goods each year and running up the accounts at the end of each year, without objection, then they are estopped from making the charge of ten per cent. now."

" 2. If the Harpers permitted Stoudenmire to lose time in the railroad's business and made no objection to it, but suffered him to go on at the end of each year and charge them for his full time and they made no objection to it, it is too late to make the objection now."

" 3. If the proof shows, it was the custom of Stoudenmire to charge goods to himself at first costs with all the houses in which he did business as a clerk, and the Harpers knew it was his custom and did not object to his custom and hired him knowing his custom, and suffered him to keep up his custom and did not object to it, it is too late now to make the objection."

W. D. ROBERTS, and J. E. P. FLOURNOY, for appellants, cited, as to the ruling of the court below in reference to the memorandum, *Acklen v. Hickman*, 63 Ala. 494; *Calloway v. Varner*, 77 *Ib*. 541; and as to proof offered by appellant in reference to his custom, *East Tenn., Va. & Ga. R. R. Co. v.*

[Stoudenmire v. Harper Brothers.]

*Johnson*, 75 Ala. 596; *Montgomery & Eufaula Railway Co. v. Kolb & Hardaway*, 73 *Ib.* 396.

J. D. GARDNER, and H. L. MARTIN, *contra.*

CLOPTON, J.—When the purpose is to have a memorandum admitted in evidence, the witness must be able to testify that he knew its contents when it was made, and knew them to be true. The original must be produced and must have been made at or near the time of the occurrence of the transaction. A copy of the entries in a book is not admissible, unless the absence of the original is satisfactorily accounted for. When the purpose is to refresh the memory of the witness by reference to a memorandum, it must have been made at or near the time of the occurrence to which it relates; the witness must know it to be correct, and after refreshing his memory, must testify from independent recollection. In such case, the memorandum is not admissible, nor should its contents be made known to the jury, unless called for by the adversary party. A witness may refresh his memory by reference to a copy, though the original is not produced, if he can state that the original entry was, when made, a true statement of the facts, and that the memorandum used is a correct copy of the original entries. This rule is founded on convenience and necessity, and is not applicable when the original is in court.—*Calloway v. Varner*, 77 Ala. 541; *Acklen v. Hickman*, 63 Ala. 494.

The witness testified, that the memorandum produced was not a copy of the original entries in the books, but a summary or addition of the amounts as entered, and it was not shown when either the copy or the original entries were made. The original books were in court. Under the rules stated, the witness should not have been permitted to refresh his memory by the memorandum, nor counsel to exhibit it to the jury in argument, nor should the jury have been allowed to take it with them in their retirement. The instruction to the jury, that they were not to consider it as evidence, does not free the use of it from injury. If not evidence, it was improper to let it go before the jury.

The contract of employment being silent, it may be admissible to prove the custom among merchants as to the price at which employees are authorized to purchase goods, in order to assist the jury to ascertain the understanding of the parties; but as requisite to its admissibility, it must be shown that the plaintiff knew the custom at the time of his employment, or that it had existed sufficiently long to raise the presumption of knowledge.—*E. T., Va. & Ga. R. R. Co.*

v. Johnson, 75 Ala. 596. There being no evidence of plaintiff's knowledge, or of the length of time the custom had existed, the evidence was improperly admitted.

The plaintiff offered to prove, that in 1879 and 1880, he and one of the defendant's clerked for one Fountaine ; that defendants and one Ham bought out Fountaine in 1880, and employed the plaintiff as clerk ; that during the year, the defendants bought out Ham, and employed the plaintiff as book-keeper for 1881 ; and that during these respective employments, he purchased goods from the several stores at original cost, which was known to defendants, and to which they made no objection. The disputed question being the price, which the plaintiff should be charged for goods, as to which there was no express agreement, the contract and dealings of the parties under previous similar agreements, as well as their subsequent conduct and dealings, may be properly considered in determining the intention and understanding of the parties arising from mere implications. If under a similar prior employment, the plaintiff took goods from the store of the defendants at original cost, and continued to do so for four successive years after his employment as book-keeper, without objection, these are circumstances from which the jury might legally infer, that such was the understanding, or implied agreement.

The assignments of error, relating to the charges excepted to, are not urged in argument. It may, however, be remarked generally that the hypothetical facts stated in the instructions do not create an estoppel. They are circumstances from which the jury may draw inferences, or conclusions as to the understanding or agreement of the parties.

Reversed and remanded.