[Cole Motor Car Co. v. Tebault.]

# Cole Motor Car Co. v. Tebault.

### Assumpsit.

(Decided June 1, 1916.    72 South. 21.)

1. **Custom and Usage; Application; Knowledge of Parties.**—A prevailing usage of trade, however general, cannot be presumed to have been in the contemplation of the parties so as to control or vary the ordinary legal implication of their agreement unless it is actually known to them, or has prevailed for so long a time that their knowledge of it may be reasonably presumed.

2. **Same; Evidence.**—Itemized statements submitted to plaintiff by defendant containing no suggestion of a custom, there being no evidence that the usage relied on by defendant was existent prior to the date of the contract, plaintiff having testified to a diametrically opposite custom, was insufficient to warrant submission to the jury of the existence of such a custom or usage relied on by defendant.

3. **Charge of Court; Effect of Evidence.**—Where the action was assumpsit for commissions on automobiles sold by plaintiff, and defendants relied on a custom or usage of trade, but there was no proof of such customs or that plaintiff had knowledge thereof, its oral charge that the jury were to have regard only to the contract itself, was not improper as a charge on the effect of evidence under § 5362, Code 1907.

4. **Principal and Agent; Commissions; Burden of Proof.**—Where the action was for commissions on automobiles sold, and plaintiff proved cash sales, the burden was on defendant to plead and prove payment of the items shown by plaintiff, either by showing an application thereto, by one of the parties, or by implication of law.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by P. D. Tebault against the Cole Motor Car Company.  Judgment for plaintiff, and defendant appeals.  Affirmed.

The suit was to recover commissions alleged to be due plaintiff on sales of automobiles made by plaintiff as agent of defendant. The contract between the parties was oral, made March 1, 1914, and simply provided for payment of plaintiff by defendant of 5 per cent. on the price of all Maxwell cars sold by plaintiff; nothing being said as to how or on what terms the cars were to be sold.  Plaintiff testified, however, that under the contract he was to receive his commission as soon as the car was delivered to the customer.  He further testified that he could not sell the car for anything less than the list price without first submitting the

[Cole Motor Car Co. v. Tebault.]

proposition to defendant, and that, when a secondhand car was received in part payment for the car sold, he had no interest in the secondhand car, and the price at which it was sold did not affect his commission; and that it was the general custom for automobile salesmen selling on a fixed commission to receive the commission whether the sale was for cash or on credit, or whether property was taken in exchange or not. The defendant testified that the contract was substantially as stated by plaintiff, and that in figuring the amount of commission due plaintiff he based the commission upon the actual amount received for the car, and not upon the list price, and that where a secondhand car was received in part payment, or other property was received, he could not ascertain the commission until the secondhand property was sold, and a definite amount realized from it. Defendant's witnesses Black and McIntyre testified that in March, 1914, there was a definite general custom prevailing in the city of Montgomery concerning contracts between automobile dealers and salesmen, who were employed by them, as to the commission to be paid for the sale where an old or secondhand car was taken in part payment of an automobile sold by such salesman; that this general custom was that the commission was to be based on what was received for the new car, including the price which was received for the secondhand car when sold, and the commission was not to be allowed until the secondhand property was sold; that the commission was figured on what was realized on the new car.

The complaint contained two common counts and two counts on the contract, the fourth count specifying each automobile sold, the price, the purchaser, and the commission agreed on. In its oral charge to the jury the court instructed them that, as there was nothing to show how long the several customs testified to had existed in the city of Montgomery, and hence no inference that it entered into the contract, the question for their determination was: What was the contract between the parties? The defendant requested in writing an instruction that plaintiff was not entitled to recover under the fourth count, which instruction was refused.

BLAKEY & STRASBURGER, and WM. F. THETFORD, for appellant. WARREN S. REESE, for appellant.

SOMERVILLE, J.—The only questions presented by the assignments of error are upon defendant's exception to a portion of the oral charge to the jury, and the refusal of the affirmative charge for defendant as to the fourth count of the complaint.

(1) A prevailing usage of trade, however general, cannot be presumed to have been in the contemplation of contracting parties so as to control or vary the ordinary legal implications of their agreement, unless it is actually known to them, or unless it has prevailed so long, that their knowledge of it may be reasonably presumed.—*Byrd v. Beall,* 150 Ala. 122, 43 South. 749,124 Am. St. Rep. 60; *C. A. Ins. Co. v. C. F. Ins. Co.,* 95 Ala. 469, 11 South. 117, 16 L. R. A. 291; *Haas v. Hudmon,* 83 Ala. 174, 3 South. 302; *Stoudenmire v. Harper,* 81 Ala. 242, 1 South. 857; *E. T., etc., R. R. Co. v. Johnston,* 75 Ala. 596, 51 Am. Rep. 489.

(2) In the present case there is nothing in the evidence that has any tendency to show that plaintiff had any knowledge of the custom relied on by defendant.

It is clear that the itemized statement submitted by defendant to plaintiff, which contained only the names of purchasers and the amount of commission figured by defendant, contained no suggestion of such a custom, and exhibited no more than defendant's own claim in the matter. Nor did plaintiff's testimony that there was a custom in the automobile business diametrically opposed to the custom relied on by defendant, in any way tend to show any knowledge by him of the latter custom, but quite the contrary.

So, also, the theory of implied knowledge of the custom—or, more properly, usage—entirely fails because it does not appear that the usage was existent at all prior to the date of the contract, and there is no basis for any inference of fact by the jury that plaintiff had knowledge of it at that time.—*Stoudenmire v. Harper,* 81 Ala. 242, 246, 1 South. 857.

(3) There was therefore no question to submit to the jury as to the existence and effect of usage, and they were properly instructed to have regard only to the contract itself. This was not a charge on the effect of the evidence, but rather that there was no evidence, and its giving ex mero motu was clearly not inhibited by section 5362 of the Code.—*Thomas v. State,* 150 Ala. 31, 43 South. 371.

The theory upon which defendant's refused charge was requested was that, since at least $415 had been paid by defendant

[Capital Security Co. v. Owen.]

to plaintiff on account of these sales, and this amount was sufficient to cover all commissions on cash sales, and since plaintiff could only recover on the fourth count for cash sales, and there was nothing to show that these payments were not applied to such sales, therefore plaintiff failed to show that anything was now due on the cash sales declared on in that count.

(4) This theory overlooks and misplaces the burden of proof with respect to payment. Plaintiff's case was fully made out when he proved cash sales. If the items proved had been paid, in whole or in part, the burden was on defendant to plead and prove it, either by showing an application thereto by one of the parties, or by implication of law.—*Nelson v. Larmer*, 95 Ala. 300, 11 South. 294; *Kent v. Marks*, 101 Ala. 350, 14 South. 472; *Connor v. Armstrong*, 91 Ala. 265, 9 South. 816. But there is nothing in the bill of exceptions to show any application to particular items by either expression or implication. The charge was therefore properly refused.

Finding no error in the record, the judgment will be affirmed. Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.