(92 South. 265)

**LAMBERT v. STATE.  (6 Div. 273.)**

(Supreme Court of Alabama.   Feb. 2, 1922.)

**1. Homicide ⬤⇒237—Defendant must establish insanity to satisfaction of jury.**

In a prosecution for murder, defended on the ground of insanity, the defendant was required to show to the reasonable satisfaction of the jury that, by reason of mental disease, he could not distinguish between right and wrong with respect to the act or that, through the duress of mental disease, his free agency was destroyed.

**2. Criminal law ⬤⇒466—Cross-examination of nonexpert insanity witness as to weight he attached to conduct he had testified to held proper.**

In a prosecution for murder, defended on the ground of insanity, cross-examination of one of defendant's nonexpert witnesses as to the weight he attached to details of defendant's conduct to which he had testified in forming his opinion that defendant was insane, *held* proper.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Tom Lambert was convicted of murder in the first degree, and sentenced to death, and he appeals. Affirmed.

W. E. Howard and T. E. McCullough, both of Birmingham, for appellant.

Counsel cite the following authorities as showing that the court erred in its actions relative to the admission and exclusion of nonexpert evidence of insanity. 125 Ala. 12, 27 South. 983; 139 Ala. 16, 36 South. 1012; 140 Ala. 87, 37 South. 81; 174 Ala. 4, 56 South. 913; 181 Ala. 63, 61 South. 434; 193 Ala. 55, 69 South. 569, Ann. Cas. 1918B, 119; 15 Ala. App. 19, 72 South. 574; 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J.   The defendant was convicted of murder in the first degree, and sentenced to death.

His victim was a defenseless woman whom he killed without provocation, in her own home, by shooting her with a pistol.

[1] The only defense offered was the insanity of the defendant, which was specially pleaded. Under that plea the burden was on the defendant, to show to the reasonable satisfaction of the jury, that, by reason of mental disease, he could not distinguish between right and wrong with respect to the act he did; or else that, through the duress of mental disease, his free agency was destroyed. Parsons v. State, 81 Ala. 577, 2 South. 854. The trial judge instructed the jury to acquit the defendant if they had a reasonable doubt of his sanity at the time of the killing—an instruction to which he was not entitled, but under which, nevertheless, the jury found against him on that issue.

There was no satisfactory evidence of exculpatory insanity as defined by the Parsons Case, and as explained to the jury by the trial judge. Conceding that the jury might have sustained the plea of insanity by virtue of permissible inferences from the evidence, they were well authorized by the evidence to find against it.

[2] We find no prejudicial rulings on the evidence. The only insistence is that the solicitor should not have been allowed on cross-examination to ask one of defendant's insanity witnesses—a nonexpert—what weight he attached to certain details of defendant's conduct, to which he had testified, in making up his opinion, that defendant was insane. The question was of course designed to test the value of the witness' opinion, and was properly allowed within the wide discretion of the trial court in such matters.

We find nothing in the record which would justify us in reversing the judgment of conviction, and it will therefore be affirmed.

Affirmed.

All the Justices concur.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes