(109 So. 748)

## SEABOARD AIR LINE RY. CO. v. SAVAGE.
### (7 Div. 664.)

(Supreme Court of Alabama.   Oct. 14, 1926.)

**1. Railroads ⬅478(1).**

Where complaint against railroad alleged fire occurred "on or about" certain date, there was sufficient particularity; time not being a material element.

**2. Trial ⬅194(15).**

Charge that it was without dispute that railroad set fire to débris on right of way, and that plaintiff's land was damaged by fire, *held* a charge on effect of testimony, requiring reversal under Code 1923, § 9507.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action for damages by Clate Savage against the Seaboard Air Line Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Frank B. Embry, of Pell City, and Cabaniss, Johnston, Cocke & Cabaniss, and Sumner E. Thomas, all of Birmingham, for appellant.

The charge of the court that there was no dispute as to certain facts, and that the date upon which the tortious act occurred was immaterial, was a charge upon the effect of the evidence, in violation of the statute. Code 1923, § 9507; Postal Telegraph Cable Co. v. Brantley, 107 Ala. 683, 18 So. 321; Stephenson v. Wright, 111 Ala. 579, 20 So. 622; Gaynor v. L. & N. R. Co., 136 Ala. 244, 33 So. 808; Addington v. State, 16 Ala. App. 10, 74 So. 846.

Starnes & Starnes, of Pell City, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] Appellee's complaint (count 3) alleged, with sufficient particularity, that his land had been burned over by a fire negligently set out by defendant's agents or servants "on or about the 30th day of October, 1924." There was some dispute in the evidence whether the fire had occurred on the 29th or the 30th day of October. But, under the allegation of the complaint, a videlicet in substance, it made no difference, as the court said to the jury, whether the fire was set out on the 29th or the 30th; the date not being a material element of the case alleged in the complaint.

[2] The court in the course of its oral charge to the jury said:

"It is without dispute in the evidence that some time about that time that the defendant, through its agents or servants, set fire to the trash and logs and débris on its right of way, and it is without dispute in the evidence that this plaintiff's land was damaged by that fire."

We have been unable to avoid the conclusion that the matters of fact thus stated by the court were put into the category of disputed issues by the evidence of defendant's witness Posey. We may not doubt that plaintiff was entitled to prevail on the issues thus stated, but that concession cannot avail to avoid a reversal, because the statute (section 9507 of the Code) declares that the court "shall not charge upon the effect of the testimony, unless required to do so by one of the parties." The above-stated excerpt from the court's oral charge constituted a charge upon the effect of the testimony, which must result in a reversal of the judgment in this cause. L. & N. R. R. Co. v. Godwin, 191 Ala. 498, 67 So. 675; Postal Telegraph Co. v. Brantley, 107 Ala. 683, 18 So. 321. Any other ruling would emasculate the statute. Gay-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nor v. L. & N. R. Co., 136 Ala. 259, 33 So. 808, and cases there cited.

Reversed and remanded.

GARDNER, MILLER, and BOULDIN, JJ., concur.