(116 So. 360)

**MANNING v. STATE.**    (6 Div. 891.)

Supreme Court of Alabama.    March 29, 1928.

**I. Homicide ⟨key⟩151(2)—Defendant prosecuted for murder has burden of showing to reasonable satisfaction of jury that he was not guilty because of insanity.**

Burden of proof, or duty of going forward with evidence to establish to reasonable satisfaction of jury plea of not guilty because of insanity, rests upon defendant.

**2. Homicide ⟨key⟩27—Killer is excused by insanity where he cannot distinguish between right and wrong, or, having such capacity, because of mental disease he has lost power to choose.**

A killer pleading insanity is not criminally liable, where there is no capacity to distinguish between right and wrong as applied to particular act, where there is such capacity but he by reason of duress of mental disease has so far lost power to choose between right and wrong as not to avoid doing act in question, and at same time crime was so connected with mental disease as to have been product of it solely.

**3. Homicide ⟨key⟩27—Emotional insanity occasioned by surprising deceased while attacking defendant's wife held not to excuse homicide.**

Where defendant accused of murder entered plea of insanity occasioned by surprising deceased while attacking defendant's wife, *held* that emotional or so-called moral insanity, not associated with disease of mind as excuse for crime, was no defense.

**4. Criminal law ⟨key⟩753(2)—Affirmative instruction should not be given when jury may infer material fact from evidence.**

Affirmative instruction should not be given when there is any material fact to be inferred, or adverse and reasonable inferences of fact that may be drawn from evidence by jury.

**5. Criminal law ⟨key⟩750—Affirmative charge that jury need not consider plea of insanity held not reversible error, where there was no evidence to sustain plea.**

There is no reversible error in giving general affirmative charge to jury that they need not consider plea of insanity, where there is no evidence to sustain plea.

**6. Criminal law ⟨key⟩761(9)—General affirmative charge that jury need not consider plea of insanity where there was no evidence to sustain plea held not violative of statute (Code 1923, § 9507).**

General affirmative charge that jury need not consider plea of insanity in prosecution for murder where there was no evidence to sustain plea *held* not invasive of Code 1923, § 9507, as to charging upon effect of testimony not being required to do so by one of parties.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. **Witnesses** ☜387—In murder prosecution, where prosecutors cross-examined defendant and wife reading from transcripts of testimony at preliminary trial, held witnesses should have been permitted to examine same and declare whether it was their statement.

In prosecution for murder, where court permitted prosecuting officers to cross-examine defendant and wife and read questions and answers from stenographic transcripts of former testimony or statement of witnesses to law officers on investigation of trial and preliminary trial, and to ask witnesses if such questions were asked and answered, *held* that witnesses should have been permitted to have whole deposition of evidence or statement and examine same and declare whether or not it was evidence or statement of that witness.

8. **Witnesses** ☜331½, 393(3), 397—In murder prosecution, statement of defendant and wife made at preliminary trial held inadmissible as evidence of fact but admissible to test recollection of or to impeach witness.

In prosecution for murder, where trial court permitted prosecuting officers to cross-examine defendant and wife and read to witnesses extracts of questions and answers of stenographic transcripts of former testimony or statements of witnesses to law officers on investigation of crime and preliminary trial, *held* that such statements were not admissible as evidence of independent, cumulative, or original evidence of fact, but for purpose of testing recollection of witness, or for impeachment, which purpose or competency should be made plain to jury.

9. **Witnesses** ☜255(9)—Stenographic report of evidence may be properly used for purpose of refreshing memory of witness and counsel during trial.

Stenographic report of evidence may be properly used for convenient reference of counsel during trial and for purpose of refreshing memory of witness and counsel during trial.

10. **Witnesses** ☜255(2), 257—Stenographer making memorandum from notes may have recourse thereto, and if he has no independent recollection, memorandum is admissible to aid testimony.

Stenographer making memorandum and transcript from his notes, testifying that he took and transcribed same fully and accurately, may have recourse thereto on later examination or trial; if he has no independent recollection of contents thereof and testifies from said notes, memorandum, or transcript, same is admissible in evidence in aid of his testimony.

11. **Criminal law** ☜858(3)—Refusal to permit jury to take transcripts of statements made by defendant and wife at preliminary trial to jury room held error.

In prosecution for murder, where statements of defendant and wife made at preliminary trial were read and defendant requested that entire transcript of such testimony be taken by jury, it was error for court to refuse to permit jury to take transcripts.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Homer R. Manning was convicted of murder in the second degree, and he appeals. Reversed and remanded.

John W. Inzer, Jr., and Prosch & Prosch, all of Birmingham, for appellant.

It was error for the court to charge the jury that they should not consider the plea of insanity. Parsons v. State, 81 Ala. 530, 2 So. 854, 60 Am. Rep. 193; Parrish v. State, 139 Ala. 16, 36 So. 1012. It was error to allow cross-examination of defendant's witness by reading detached portions of a former statement and asking if witness did not so testify. The entire testimony should have been shown or read to witness. Wills v. State, 74 Ala. 21; Gunter v. State, 83 Ala. 96, 3 So. 600; Humber v. State, 19 Ala. App. 451, 99 So. 68; 1 Greenleaf on Evi. (14th Ed.) 464, 465; People v. Ching Hing Chang, 74 Cal. 389, 16 P. 201; State v. Younge, 99 Mo. 666, 12 S. W. 642.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., and Fort, Beddow & Ray, of Birmingham, for the State.

Where there is no evidence of insanity, it is not error for the trial court to charge the jury not to consider the plea of insanity. Parsons v. State, 81 Ala. 530, 2 So. 854, 60 Am. Rep. 193; Parrish v. State, 139 Ala. 16, 36 So. 1012. There was no error in the matter of cross-examination of the wife of defendant by showing discrepancies between her testimony and statements made before the committing magistrate; the whole of her testimony on preliminary being shown to witness. Wills v. State, 74 Ala. 21; Gunter v. State, 83 Ala. 96, 3 So. 600; Humber v. State, 19 Ala. App. 451, 99 So. 68.

THOMAS, J. [1] The burden of proof or the duty of going forward with the evidence to establish, to the reasonable satisfaction of the jury, his plea of not guilty by reason of insanity, rested upon the defendant. Parrish v. State, 139 Ala. 16, 36 So. 1012.

[2] The rule of criminal liability vel non under such statutory plea is as was stated in Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193, and adhered to in this jurisdiction. Wilkes v. State, 215 Ala. 428, 110 So. 908; Anderson v. State, 209 Ala. 36, 95 So. 171; Hall v. State, 208 Ala. 199, 94 So. 59; Whittle v. State, 213 Ala. 301, 104 So. 668; Lambert v. State, 207 Ala. 190, 92 So. 265; Umble v. State, 207 Ala. 508, 93 So. 531.

[3] The basis for the insistence of insanity under his plea was merely the action of appellant just prior to and at the time of the homicide. This was not sufficient to bring defendant within the rule of Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193, and Anderson v. State, 209 Ala. 36, 95 So. 171. As observed in Wilkes v. State, supra, de-

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant may have had "good reason for a state of mind with reference to" his wife and deceased a few minutes before the homicide, yet emotional or so-called moral insanity not associated with disease of the mind, as an excuse for crime, had no recognition in the law of this state. Anderson v. State, 209 Ala. 36, 95 So. 171; Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193.

[4-6] Affirmative instruction should not be given when there is any material fact to be inferred, or adverse and reasonable inferences of fact that may be drawn from the evidence by the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Amos v. State, 73 Ala. 498; Carter v. State, 44 Ala. 29; Weil v. State, 52 Ala. 19. However, there was no reversible error in the giving of the general affirmative charge to the jury that they need not consider the plea of insanity as there was no evidence to sustain that plea. This was not invasive of the provisions of section 9507 of the Code, as to charging upon the effect of the testimony, not being required to do so by one of the parties. Peck & Bro. v. Ryan, 110 Ala. 336, 17 So. 733; Thomas v. State, 150 Ala. 31, 43, 43 So. 371; Cole Motor Car Co. v. Tebault, 196 Ala. 382, 72 So. 21; Brilliant Coal Co. v. Barton, 205 Ala. 89, 87 So. 830; Mann v. State, 20 Ala. App. 540, 103 So. 604.

The charge condemned in Seaboard Air Line v. Savage, 215 Ala. 96, 109 So. 748, as being upon the effect of the evidence, is stated to have had such effect under the disputed issues of fact raised by the testimony of the witness whose name is indicated in the opinion. It is true that no request for such charge was made by the state, that the defendant was upon the stand as a witness in his own behalf. It is further true that no exception was taken to the oral charge.

[7, 8] The trial court permitted the prosecuting officers to cross-examine the Mannings or read to the witnesses extracts of questions and answers from stenographic transcripts of former testimony or statements of the witnesses to law officers on investigation of the crime and preliminary trial, and to ask the witnesses if such questions were asked and answers made. The witness should have been permitted to have the whole deposition, evidence, or statement, and examine the same and declare whether or not it was the evidence or statement of that witness. And that deposition or evidence introduced, not as evidence of independent, cumulative or original evidence of fact, but for the purpose of testing the recollection of the witness, or for impeachment. The purpose or competency or limited effect of such evidence should be explained and made plain to the jury. Queen Caroline's Case, 2 Brad. & Bing. 287; Kelly v. State, 75 Ala. 21, 51 Am. Rep. 422; Gunter v. State, 83 Ala. 96, 106, 3 So. 600; Kennedy v. State, 85 Ala. 326, 331, 5 So. 300; Phœnix Ins. Co.

v. Moog, 78 Ala. 310, 56 Am. Rep. 31; Humber v. State, 210 Ala. 559, 99 So. 73; Id., 19 Ala. App. 451, 99 So. 68; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Cent. of Ga. Ry, Co. v. Wilson, 215 Ala. 612, 615, 111 So. 901; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370.

As we have observed, one of these written statements, made the subject of questions on cross-examination, was that alleged to have been taken down by a stenographer, of Mrs. Manning's declarations to officers of the law and questions propounded to her, and answers, in the "preliminary trial" before Judge Abernathy. The witness stated that she never saw the statement inquired about "until it was introduced here in court"; that witness "had never read either one of those (writings) you have."

[9] A proper cross-examination may be had to test the recollection or accuracy of the statements of a witness, and to that end, and within the rule, may be asked if such witness had not made contradictory statements to the testimony given. If the written statement or deposition theretofore given by the witness and inquired about be not introduced in evidence, if the witness requires, may inspect or read the writing to verify its authenticity and contents, though the interrogator may not introduce it, in the first place, in evidence. Shelby Iron Co. v. Morrow, 209 Ala. 116, 120, 95 So. 370; Grasselli Chem. Co. v. Davis, 166 Ala. 471, 52 So. 35; B. R. L. & P. Co. v. Bush, 175 Ala. 49, 56 So. 731; Portsmouth, etc., Co. v. Madrid, etc., Co., 200 Ala. 634, 77 So. 8. And such writing or deposition may be consulted in laying a predicate for the introduction of secondary evidence, as well as for the purpose of contradiction or impeachment. Alabama Western R. R. Co. v. Downey, 177 Ala. 612, 58 So. 918. The stenographic report of evidence may be properly used for convenient reference of counsel during the trial, for the purpose of refreshing the memory of the witness and counsel during trial. Loudemilk v. State, 4 Ala. App. 167, 58 So. 180.

[10] It follows that the stenographer who made the memorandum and the transcript from his notes, testifying that he took and transcribed the same fully and accurately, may have recourse thereto on a later examination or trial, and if he has no independent recollection of the contents thereof and testifies from said notes, memorandum or transcript, the same is admissible in evidence and in aid of his testimony. St. L. San Francisco Ry. Co. v. Swaney, 216 Ala. 454, 113 So. 410; B. R. L. & P. Ry. Co. v. Seaborn, 168 Ala. 658, 53 So. 241. The purpose of such testimony should be made plain to the jury—if it be such as has only a limited application, or a double aspect, rendering it incompetent as independent and original evidence. It should be properly limited on its introduction in evidence.

In the record before us, the witness was cross-examined from transcribed notes by the official stenographer, purporting to be the detailed or private statement of the witness to state's counsel of the attendant circumstances and facts of the res gestæ of the homicide. State's counsel said to the court, "We can show at all times contradictory statements" of a witness. There was no demand by the witness of the right of inspection, it was read to her and the writing was not introduced in evidence and given to the jury for consideration with the oral evidence. Defendant's counsel objected and then moved to exclude such questions and answers on the grounds that "the record does not show that she was informed that she did have to testify, or did not have to testify; it is not sworn to; and she was not under oath. And she had nobody there to protect her or take up for her; and it is incompetent, irrelevant, and immaterial what took place the day after that, without anybody to protect her, or anybody to talk to her or consult with her; and it would be at a time when she could not be at herself, without any assistance whatever"; and from adverse rulings by the court due exceptions were reserved. The purpose of the evidence was for contradiction or for impeachment, though the jury were not specifically instructed that such was the purpose and said statements should not be considered by the jury as independent and original evidence of the material facts embraced in said inquiries, if a part of the evidence was immaterial or irrelevant, the objections should have indicated to the court, separating the competent from the incompetent testimony. Lester v. Jacobs, 212 Ala. 614, 103 So. 682. If it was deemed necessary to refresh the recollection of the witness or to identify the document, time for inspection or examination of the same should have been asked and duly given by the court.

The bill of exceptions recites:

"This was all the evidence introduced in the case. The defendant here offered to introduce in evidence the transcript of the testimony of Mr. Manning, the defendant, which was read before the jury. The state objected to this, and the court sustained the objection, adding: 'That is no evidence, that which they claim was the statement that he made at first.' The defendant duly excepted to the ruling of the court."

The matter thus adverted to was theretofore set out in the bill of exceptions as follows:

"That is a true and correct transcript that you have there of what I took down over there, and it is in my own typewriting as compiled by me from my shorthand notes.

"The witness was then asked the following question: I will ask you if on that occasion this question was asked of Mr. Manning, and this answer made: 'Were you standing on the porch when you shot?' And if he answered: 'No sir, I was just standing on the bottom steps.' Was that question asked and that answer made?"

"Mr. Prosch: I object to that question as incompetent, irrelevant and immaterial. This witness couldn't testify by his memory, he would have to testify as to what's on the record that he took down; and all he could testify to is to the best of his knowledge that that transcript is true and correct of what he heard and the way he understood it when it was taken down; and not read certain paragraphs in the transcript; and it is not the best evidence; the best evidence is the transcript; and because the defendant has admitted that transcript was practically the testimony he gave before the grand jury; and they are trying to make the jury think we are trying to keep something out. * * *

"Mr. Prosch: * * * I am going to make a motion to let the jury take that entire transcript in the jury room; and I make a motion now to introduce it. I am objecting to that question now as it stands, because that has been read to the jury in open court.

"The Court: Overruled.

"Mr. Prosch: We except."

The witness answered: "Yes, sir; it was" —and the motion to exclude was overruled and defendant duly excepted. The same objections, exceptions, motions, and rulings were made as to the question, "Did she get in the back way before you went out the front door?" and answer, "Well; just about the time I was about middleway of the house she was in the kitchen coming in the other room." "Yes, sir; it was." In Central of Ga. Ry. Co. v. Wilson, 215 Ala. 612, 615, 111 So. 901, the observation is made that later in the trial the deposition and answers were introduced in evidence and "thus the appellant had the opportunity of argument of contradiction or impeachment, if such were presented by the witness' deposition and oral testimony." In Lester v. Jacobs, 212 Ala. 614, 619, 103 So. 682, the general rules obtaining in the premises are stated, and the observation that defendant having admitted parts of the former testimony without limitation and in nature original evidence, a reply in like nature or character was justifiable.

[11] There was error in declining the transcript of the Mannings' testimony—that of the preliminary investigation before Judge Abernathy. The cross-examination by the Mannings from the written memorandum should have been limited in its scope and purpose as it may be received and considered by the jury to impeach the credibility of the witnesses. Thomas Furnace Co. v. Carroll, 204 Ala. 263, 85 So. 455. Not being so limited, and admitted in evidence generally, as it was, the more cogent was the reason why the whole deposition or transcript, covering the matter inquired about, should have been given, not only to the witness for inspection, but also "to the jury" for consideration in its entirety. Wills v. State, 74 Ala. 21; Gunter v. State, 83 Ala. 96, 3 So. 600; Kennedy v. State, 85 Ala. 326, 331, 5 So. 300; Phœnix Ins. Co. v. Moog, 78 Ala. 310, 56 Am. Rep. 31; Floyd v. State, 82 Ala. 16, 22, 2 So. 683; Carden v. State, 84 Ala. 417, 420, 4 So. 823; Humber v. State, 19 Ala. App. 451, 455, 99 So. 68.

In Kennedy v. State, 85 Ala. 326, 331, 5 So. 300, Mr. Justice Somerville observes:

"The testimony of the witness McCarron, taken before the magistrate on the preliminary investigation of the facts attending the killing, having been reduced to writing, the court did not err in refusing to allow him to be cross-examined as to garbled extracts taken from the writing, with a view of contradicting or impeaching him. The court properly required that the entire writing should be shown, or read to the witness, and go to the jury. Wills v. State, 74 Ala. 21; Gunter's Case, 83 Ala. 96 [3 So. 600]. Nor was the charge of the court to the jury erroneous, that the paper should not be treated as original evidence of the facts of the case, nor be received for any other purpose than that of contradicting or impeaching the witness. Jones v. Pelham, 84 Ala. 208 [4 So. 22]. The paper was entire and not severable, and it was impracticable to admit a part of it to go to the jury. The practice in such cases is to admit the entire paper, and limit its effect as evidence by a proper charge to the jury, as was done by the circuit court on the trial in this case. Wills v. State, 74 Ala. 21, supra."

There was a slight tendency of the evidence warranting the submission to the jury on the charge of murder of the existence of element of murder in the second degree—the inference or implication from the testimony of Mrs. Lucas that defendant took money from the person of the dying man after shooting him. The preponderance of the evidence is against this view. His pocketbook with about $200 was upon his person after he was shot and when about to be carried to the hospital, and the other facts tend to show a great provocation under which he fired the fatal shot before he had cooling time, after surprising deceased while attacking defendant's wife, under the circumstances detailed by her to the husband, and his personal observations in the premises a few moments before the homicide. Brewer v. State, 160 Ala. 66, 49 So. 336; Peagler v. State, 207 Ala. 586, 93 So. 536; Reeves v. State, 186 Ala. 14, 65 So. 160.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.