585 So.2d 137 (1990)
Ex parte State of Alabama.
(Re John Edward HOOPER
v.
STATE).
89-1314.
Supreme Court of Alabama.
December 14, 1990.
Rehearing Denied February 8, 1991.
*138 Don Siegelman, Atty. Gen., and Beth Slate Poe, Asst. Atty. Gen., for petitioner.
Paul M. Harden and Anthony J. Bishop, Evergreen, and Windell C. Owens, Monroeville, for respondent.
MADDOX, Justice.
The State asks us to overturn prior cases holding that testimony given under oath at a prior trial and subject to the penalty of perjury is admissible for the purpose of contradiction or impeachment but not as substantive evidence.
The Court of Criminal Appeals, noting that it was "bound by the decisions of [this Court]," held that it had "no alternative to the conclusion that the trial court erred in instructing the jury that the prior inconsistent statement of the prosecutrix could be considered substantive evidence."[1] We reverse and remand.
John Edward Hooper was initially convicted of two counts of second degree rape of his daughter. On his appeal of those convictions, the Court of Criminal Appeals reversed the convictions because the prosecutor had asked improper questions of character witnesses.
The case was retried, and at the retrial, Hooper's daughter, the prosecutrix, recanted her story. The State questioned the daughter about her previous testimony and, thus, introduced into evidence all of her prior testimony concerning the alleged sexual abuse. The trial court, at the request of the State, specifically instructed the jury that it could consider that prior inconsistent testimony as substantive evidence upon which it could base a conviction.[2] The jury found Hooper guilty on both counts.
The Court of Criminal Appeals reversed Hooper's convictions, stating:
*139 "Contrary to the dicta contained in Randolph [v. State], 348 So.2d [858] at 866 [ (Ala.Cr.App.1977) ], the Alabama Supreme Court clearly stated in Lester v. Jacobs, 212 Ala. 614, 618, 103 So. 682, 686 (1925): `The general rule in this jurisdiction is that the testimony given on a former trial by a witness at the last trial is only admissible, after a proper predicate, for the purpose of contradiction or impeachment; it is not competent as cumulative or original evidence.' (Emphasis added.) Accord, Manning v. State, 217 Ala. 357, 359, 116 So. 360, 361 (1928) (testimony given at a preliminary hearing could have been introduced, `not as original evidence of fact, but for the purpose of testing the recollection of the witness, or for impeachment') (emphasis added); Porter v. Louisville & Nashville R.R., 202 Ala. 139, 142, 79 So. 605, 608 (1918) (`In no event could [the prior testimony] have been received as original evidence ..., nor do we assume that it was offered for that purpose') (emphasis added). Cf. Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 650, 81 So. 591, 592 (1919) (in suit for malicious prosecution, it was reversible error to admit testimony from the underlying trial as original evidence); E.E. Yarbrough Turpentine Co. v. Taylor, 201 Ala. 434, 435, 78 So. 812, 813 (1918) (same); Thompson v. Richardson, 96 Ala. 488, 492, 11 So. 728, 729 (1892) (same). In the event a witness's inconsistent testimony from a prior trial is admitted, the jury should be clearly instructed that this testimony may be considered for impeachment purposes only and not as independent or original evidence. See Manning v. State, 217 Ala. at 359, 116 So. at 362; Kennedy v. State, 85 Ala. 326, 331, 5 So. 300, 301 (1888)."
Hooper v. State, 585 So.2d at 134-135.
Even though the Court of Criminal Appeals applied the rule of evidence contained in these prior cases, that court, nevertheless, pointed out that the soundness of the rule had been questioned in Randolph v. State, 348 So.2d 858 (Ala.Cr.App. 1977), a case that was later described as documenting "wide-spread dissatisfaction with the traditional rule" and as citing cases and writings of many judges and scholars who "have pressed for repudiation of the rule that prior inconsistent statements of a non-party witness have no substantive consequence in a present trial." Hooper v. State, 585 So.2d at 135, quoting Gamble, Howard, & McElroy, The Turncoat or Chameleonic Witness: Use of His Prior Inconsistent Statement, 34 Ala.L.Rev. 1, 18 (1983), which also had cited Randolph.
It is apparent that the Court of Criminal Appeals felt constrained, and rightfully so, to follow this Court's earlier cases holding that prior inconsistent statements could never be used as substantive evidence.
The rule that this Court had previously set out is clear. The reason justifying that rule is that such evidence is "purely hearsay," but courts have found little difficulty in carving out exceptions to the hearsay rule in those many instances when the testimony, even though hearsay, is considered to be credible enough to justify its presentation to a trier of fact.
It is clear to us that the modern trend is to allow a prior inconsistent statement to be used as substantive evidence, provided, of course, that the prior inconsistent statement was given under oath, was subject to the penalty of perjury, and was made at a trial, hearing, or other proceeding, or in a deposition. This modern trend is in line with Federal Rule of Evidence 801, which provides:
"(d) Statements which are not hearsay.A statement is not hearsay if
"(1) Prior statement by witness.The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition...."
A number of states have adopted rules of evidence that include a rule substantially similar to Rule 801(d)(1)(A), Fed.R.Evid.
Hooper suggests that this Court should not adopt such a rule of evidence *140 but that if a rule similar to Rule 801(d)(1)(A), Fed.R.Evid., is desirable for Alabama, then the legislature is the proper body to adopt it. We find no limitation upon this Court's power to adopt the rule by Court decision, because this Court has broad powers to adopt rules of procedure. See Amendment 328, § 6.11, Constitution of Alabama, 1901. Other state supreme courts have by case law adopted rules similar to the federal rule. See State v. Almeda, 211 Conn. 441, 560 A.2d 389 (1989), and State v. Whelan, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed.2d 598 (1986); Gibbons v. State, 248 Ga. 858, 286 S.E.2d 717 (1982) (the Supreme Court of Georgia held that a prior inconsistent statement of a witness could be used as substantive evidence even though the prior statement was not made under oath in a judicial proceeding or deposition, as the federal rule requires). The Georgia Supreme Court set forth some of the benefits from a rule allowing the use of prior inconsistent statements as substantive evidence:
"We foresee these salutary effects:
"(a) Once a declaration is made, both the State and the defense are accorded some measure of protection from the erratic or unpredictable witness, in that his declaration can be considered substantively where the witness appears and is subject to cross-examination, notwithstanding variant testimony from the stand.
"(b) Similarly, both sides are assured a measure of protection against efforts to influence the testimony of a witness, as the prior declaration is no longer effectively revocable at the will of the witness.
"(c) For the same considerations, witnesses are protected from improper attempts to influence testimonythe potential gain from that impropriety being diminished substantially by the adoption of this rule.
"`If, from all the jury see of the witness, they conclude that what he says now is not the truth, but what he said before, they are none the less deciding from what they see and hear of that person and in court. There is no mythical necessity that the case must be decided only in accordance with the truth of words uttered under oath in court.' Judge Learned Hand, in DiCarlo v. United States, 6 F.2d 364, 368 (2d Cir. 1925)."
248 Ga. at 864, 286 S.E.2d at 722 (emphasis original).
We should not be understood as expressing any view on the question of whether a prior inconsistent statement not made under oath can be used as substantive evidence when the declarant takes the stand and is subject to cross-examination. That question is not before us.
If this case had been tried in a federal court, it seems that the daughter's prior inconsistent statement would have been admissible as substantive evidence under Rule 801(d)(1)(A), Fed.R.Evid. We think the federal rule is a good rule, that it does not substantially prejudice the rights of a defendant to a fair trial, and that it fosters a search for the truth.
We think that it is time that this Court changed our rule; therefore, after examining the record, considering the arguments of the parties, and reevaluating the rule against using prior inconsistent statements as substantive evidence, we hereby change that rule. We hold that a prior inconsistent statement of a witness who takes the stand and is available for cross-examination may be used as substantive evidence if the prior statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. All previous decisions of this Court to the contrary are hereby overruled.
The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES, ALMON and ADAMS, JJ., dissent.
*141 ALMON, Justice (dissenting).
If the defendant in fact committed the offenses for which he has been convicted, his conduct is most certainly both legally culpable and morally reprehensible. It is because of the emotional reaction that such acts engender, coupled with our natural zeal to protect children and to punish those who harm them, that courts must be especially careful to remain objective when presiding over or reviewing cases of this nature. The question before us, however, is whether the State has presented legal evidence that can be considered in determining whether the State has met its burden of proof beyond a reasonable doubt. If the earlier, now recanted, testimony is "substantive evidence," a case can be submitted to the jury on that testimony alone. The rule announced by the majority is not limited to sexual offenses and will apply to all criminal prosecutions, and, for that matter, to all civil actions.
The rule prohibiting the use of prior inconsistent statements as substantive evidence, which the majority does away with in its opinion, has been a fundamental part of the accused's right to a fair trial for over 100 years. Because of the important constitutional aspects of the rule, I cannot agree with the majority's implication that it can be abolished as readily as a rule of procedure could be or as easily as a merely arbitrary rule of evidence. In addition, I do not agree that the now-abolished rule was based solely on the hearsay rule. It was also based on the accused's right to confront and thoroughly cross-examine witnesses against him, a right guaranteed by the Confrontation Clause of the Sixth Amendment to the United States Constitution and Art. I, § 7, of the Alabama Constitution. "While hearsay rules and the Confrontation Clause ... protect similar values, it is quite a different thing to suggest... that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law." California v. Green, 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970).
Cross-examination has been called "the greatest legal engine ever invented for the discovery of truth." 5 J. Wigmore, A Treatise on the System of Evidence in Trials at Common Law § 1367, at 29 (3d ed. 1940). Cross-examination must be an adversarial proceeding to be effective. Ruhala v. Roby, 379 Mich. 102, 150 N.W.2d 146 (1967). The goals of cross-examination are best achieved by questioning the witness at the time the statement is made, in the presence of the same trier of fact who must ultimately assess the witness's credibility. The principal virtue of cross-examination "is in its immediate application of the testing process. Its strokes fall while the iron is hot." State v. Saporen, 205 Minn. 358, 362, 285 N.W. 898, 901 (1939).
Under the change effected by the majority's opinion, the accused's opportunity to confront the witness against him in a face-to-face, adversarial proceeding, at the time the damaging statement is made, is destroyed. Instead, the accused is placed in the untenable position of cross-examining a now friendly witness regarding testimony given at a time when the witness was hostile. Instead of trying to impeach the witness's present testimony, the accused must, instead, attempt to mitigate the impact of the witness's prior statement, while at the same time trying to make the witness's present testimony appear credible. The near-impossibility of this undertaking has been recognized by the Michigan Supreme Court:
"No matter how deadly the thrust of the cross-examiner, the ghost of the prior statement stands. His questions will always sound like attempts to permit the witness to explain why [she] changed [her] story before coming to court, with the jury being left to infer that [she] might have been induced to change [her] story in the intervening months or years, for some unrevealed and sinister reason."
Ruhala v. Roby, supra, 379 Mich. at 128, 150 N.W.2d at 158.
An additional problem created by allowing prior inconsistent statements to be used as substantive evidence is that the jurors *142 are unable to adequately assess the witness's credibility by observing her demeanor at the time the prior statement was given. Instead, they must rely on the reading of a cold written record. That is simply not sufficient. As noted by Judge Learned Hand, "the bearing and delivery of a witness will usually be the dominating factors" in determining the witness's credibility. NLRB v. Universal Camera Corp., 190 F.2d 429, 430 (2d Cir.1951).
The perjury question is also very troubling. If a witness testifies that a traffic light was red and then testifies that it was green, what probative effect should the law give to that witness's testimony? In mathematics when you add + 1 and - 1, the answer is 0. How can a nullity add any weight on the "guilty" side of the scales of justice? While we are not dealing with mathematics, I am nevertheless concerned that this kind of self-contradictory testimony can be used to overcome the presumption of innocence.
For the foregoing reasons, I must dissent.
JONES and ADAMS, JJ., concur.
NOTES
[1] The issue was deliberately presented by the State, when, at the trial, the State, relying on dicta in Randolph v. State, 348 So.2d 858 (Ala. Cr.App.), cert. denied, 348 So.2d 867 (Ala. 1977), requested that the trial court instruct the jury that the testimony of the prosecutrix given in a prior trial, under oath and subject to cross-examination, could be used as substantive evidence of the facts stated in the testimony. See Hooper v. State, 585 So.2d 133, 134 (Ala.Cr.App. 1990).
[2] The trial judge gave the following instruction:

"Now, the prior testimony of [the prosecutrix] given in September of 1985 while she was under oath and subject to cross-examination can be used by you as substantive evidence of the facts stated by her during her prior testimony to prove or disprove the innocence or guilt of the Defendant John Edward Hooper of the offenses alleged in the indictment."