# Holding *v.* Thomas.

*Motion to compel Sheriff to Pay taxes on Property sold under Execution.*

1. *Code of 1876 ; § 419 of, construed.*—Section 419 of the Code, which makes it the duty of a sheriff selling property under a levy, to ascertain what taxes are due upon the property, or by the owner thereof, and upon a sale, to pay the taxes found due to the tax collector of the county, &c., is not a remedial statute, and cannot be extended by construction, beyond the plainly expressed intention of the Legislature.

2. *Same.*—The statute has no application to taxes due to, and collectable by a municipal corporation, but relates only to State and county taxes.

APPEAL from Madison Circuit Court.
Tried before Hon. LOUIS WYETH.
The opinion states the case.

BRANDON & JONES, for appellant.

IRVINE WHITE & GEORGE S. GORDON, *contra.*

MANNING, J.—Appellant, purchaser at a sheriff's sale of real estate in Huntsville and its vicinity, moved the court for an order requiring the sheriff to pay taxes that had accrued thereon, out of the proceeds of the sale. These taxes

were in part due to the State and county, and in part to the city of Huntsville for municipal purposes. The judge ordered that the sheriff pay the former, but not the municipal taxes; and the appeal is from the latter part of his ruling.

A sheriff who sells property to satisfy a writ of execution and judgment against the defendant, has by virtue of that writ or of his office, no concern with the taxes that may be due from the defendant, unless some duty in respect of them, is imposed upon him by statute. He is not the officer charged by law with the collection of taxes, but an officer of the court, while so acting, to execute its judgment. By the common law, the purchaser of the property, if taxes be due thereon, would take it *cum onere*, and the sheriff be required to pay the plaintiff in the execution the proceeds of the sale, less the costs that are taxed and his commissions, the sums being ascertained. But in the revenue act of March 6, 1876, a section was introduced which constitutes section 419 of the Code of 1876, whereby, without distinction between realty and chattels, it is declared to be "the duty of the sheriff when he has made a levy, to ascertain what taxes are due upon the property levied upon, or from the party owning the same, and upon sale thereof to pay the taxes so found to be due to the tax collector of his county out of the first money received by him from such sale."

This introduction of other matter into causes that have been decided, and committing in part the determination of questions that may arise thereupon, to the ministerial officer of the court, while engaged in the duty of carrying into effect its judgments according to the precise terms of the precepts issued to him, may in some cases lead—and perhaps be used—to produce serious delays and embarrassments. We see nothing in the statute which affords support to the argument that it should be construed as a remedial enactment. It is rather in derogation of those long established rules of the common law which have been considered essential to the effectual performance by judicial tribunals, of their indispensable functions, and therefore should not be extended beyond the plainly expressed intention of the Legislature.

The section in question is (as we have said,) a part of the revenue law of March 6th, 1876. The same act provided for the levy by the Courts of County Commissioners, of county taxes also, upon the property assessed for those of the State, And we cannot suppose that while legislating for the levy and collection of State and county taxes only, the Legislature intended to send out a sheriff, who was charged to make and pay to a plaintiff, money that was adjudged to be due him, to find out how much he should reduce the sum arising from

[Evans v. The State.]

sales made only for that purpose, by taxes the defendant might owe to towns and cities. The requirement that he shall "pay the taxes so found to be due, to *the tax collector of his county*," who is also the tax collector of the State, clearly indicates that the act related only to State and county taxes.

The Judge of the Circuit Court did not err in this particular; and his judgment must be affirmed.