# The State *v.* Vincent.

*Bill in Equity by State, to set aside as Fraudulent Conveyances by Defaulting Treasurer; Petition for Payment of Municipal Taxes.*

1. *Sale of property under decree in chancery; lien for municipal taxes.* When lands are sold, under a decree in chancery, subject to all liens and incumbrances held by persons who are not parties to the suit, a lien for municipal taxes assessed and unpaid is not affected by the sale, and payment thereof can not be claimed out of the preceeds of sale.

2. *Sale under execution; payment of taxes out of proceeds.*—On a sale of property under execution, the sheriff is required to pay the tax-collector of the county, out of the proceeds of sale, all the taxes due to the State or county (Code, § 419); but the statute has no application to municipal taxes.

Appeal from the City Court of Montgomery, in Equity.

Heard before the Hon. Thos. M. Arrington.

The original bill in this case was filed on the 1st June, 1883, in the name of the State of Alabama as complainant, against Isaac H. Vincent, late treasurer of the State, his wife and children, and several other persons; and sought, principally, to set aside certain conveyances of property to Mrs. Vincent, made or procured to be made to her by her husband, on the ground that they were without consideration, and were fraudulent as against the complainant's claim against said Vincent on account of his defalcation as treasurer, and to subject the property to the satisfaction of the amount which might be found due to the complainant, on the statement of Vincent's accounts as treasurer. On final hearing, on pleadings and proof, the court rendered a decree for the complainant, setting aside the several conveyances as fraudulent, and ordering the property to be sold by the register, after due advertisement, "free of all incumbrances;" and the decree was affirmed by this court on appeal, on the 6th March, 1884.— *Vincent v. The State,* 74 Ala. 274. The property being sold by the register under this decree, the proceeds of sale amounted to $8,650. On the 9th April, 1884, a petition was filed in the cause by the City Council of Montgomery, asserting a lien on the real estate for municipal taxes assessed against it on the 1st March, 1883, amounting to $80.04, and asking payment thereof out of the money in the hands of the register. The cause being submitted, as the decree recites, on this petition, "and on an agreed statement of

facts," the court adjudged and decreed "that the city of Montgomery has a prior lien on said real estate for said taxes," and ordered payment of the amount out of the proceeds of sale in the hands of the register. There is no "agreed statement of facts" in the record, but it contains a bill of exceptions, duly signed by the presiding judge, which purports to set out all the evidence adduced on the hearing, and states that the complainant excepted to the ruling of the court. The judgment and decree on the petition is now assigned as error.

H. C. TOMPKINS, for appellant, cited *U. S. v. Railroad Co.*, 17 Wall. 322; *Georgia v. Atkins*, 35 Ga. 315; *Holding v. Thomas*, 62 Ala. 4; *Worthington v. McRoberts*, 9 Ala. 297; Rorer on Judicial Sales, § 459.

GUNTER & BLAKEY, *contra.*

SOMERVILLE, J.—The City Court, in our opinion, erred in directing the taxes due the City Council of Montgomery to be paid out of the proceeds of the property sold under the decree rendered in favor of the State. The property was sold subject to all liens and incumbrances held by persons who were not made parties to the suit. The City Council, not being a party to the proceeding, could in no manner be prejudiced by it, and no lien, therefore, held by them could be divested, so as to be transferred from the property itself to the proceeds.

Section 419 of the present Code, which makes it the duty of sheriffs to pay taxes, "found to be due to the tax-collector of the county," out of the first money received by him from a sale made under any levy, has been construed by this court to have no reference to taxes due municipal corporations, but to be confined to State and county taxes.—*Holding v. Thomas*, 62 Ala. 4.

The decree of the City Court is reversed, and the cause remanded, that further proceedings may be had in accordance with the views expressed in this opinion.

CLOPTON, J., not sitting.