(113 So. 410)

## ST. LOUIS–SAN FRANCISCO RY. CO. et al. v. SWANEY. (6 Div. 432.)

Supreme Court of Alabama.  June 23, 1927.

1. **Evidence ☜582(3)—To put trial court in error in admitting transcript of former testimony, immaterial matter should have been separated when transcript was offered.**

Where transcript of plaintiff's testimony on former trial was sufficiently identified to be admissible in evidence, to put trial court in error for admitting immaterial matter, the good should have been separated from the bad when it was offered in evidence.

2. **Appeal and error ☜882(15)—Where defendants' consent to plaintiff's charge was admission of liability with hypothesis under same count, refusal to eliminate either count was harmless, where each claimed same amount.**

In action for malicious prosecution in charging plaintiff with breaking into a freight car, defendants' consent to plaintiff's charge that, if jury believed from evidence that plaintiff was not in the freight car at time and place named, to find for plaintiff, was admission of liability with hypothesis under some one of plaintiff's counts, and refusal to eliminate either was without injury, since each claimed same amount, and same damages was recoverable under each.

3. **Appeal and error ☜1005(2)—Finding for plaintiff in malicious prosecution held conclusive on appeal.**

In action for malicious prosecution in charging plaintiff with breaking into a freight car where evidence of plaintiff's denial that he was not in the freight car at the time of arrest was corroborated, the Supreme Court cannot say that finding of jury that he was not in the car was so contrary to evidence as to put trial court in error for refusing new trial on such ground.

4. **New trial ☜144—Testimony of jurors held to negative a quotient verdict authorizing denial of new trial.**

While finding of slips in jury room which, when pieced together, formed twelve slips, on each of which figures had been made in different handwriting, aggregate of which, when divided by twelve, produced amount of verdict, would indicate a quotient verdict, testimony of some of the jurors negatived such a verdict, and authorized denial of new trial.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages for malicious prosecution by Andrew J. Swaney against the St. Louis-San Francisco Railway Company and M. C. Helton. From a judgment for plaintiff, defendants appeal. Affirmed.

The plaintiff, Swaney, a switchman for the defendant railway company, was arrested about midnight by defendant Helton, a special police agent of the railway company, for the alleged breaking into a freight car loaded with merchandise, was turned over to the police authorities, who placed him in the city jail, and was thereafter tried and acquitted of the charge.

The evidence of defendant was to the effect that at the time of arrest Swaney was in the freight car, the door of which had been forced open. That of plaintiff was to the effect that he (plaintiff) was not in the car, but was standing before the car door with his lantern looking into the car to determine whether it was empty or loaded.

On the day following the arrest an examination of the plaintiff was conducted at the city hall, at which were present, among other city detectives, George Tyler, sergeant of special officers for the defendant railway company, and Roy Manly, Tyler's stenographer, who took down and reported the examination. On the present trial defendants offered in evidence the transcript or memorandum made by Manly of Swaney's evidence. Plaintiff's objection to the introduction of this transcript was sustained.

Plaintiff's evidence tended to show the prosecution was instigated by the defendants. That of defendants tended to show that the prosecution was commenced by the police authorities, and conducted by the county solicitor on indictment returned by the grand jury.

The jury returned a verdict for plaintiff for $16,200, and there was judgment accordingly. Defendants moved for a new trial on the ground, among others, that there was a quotient verdict.

It appears that shortly after the rendition of verdict by the jury a pile of papers which had been torn into fragments was found in the jury room, which, when pieced together, formed twelve slips, upon each of which figures had been made, in different handwriting, the largest of which was 25,000, and the smallest 10,000. The aggregate of the figures on the twelve slips totaled 194,500, which, divided by 12, produced 16,208.

Affidavits of two members of the jury were in denial of any agreement by the jury to reach a verdict by the quotient method.

The trial court overruled the motion for a new trial, and defendants have appealed.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellants.

The transcript or memorandum of plaintiff's evidence was shown to have been accurate and was admissible, not only for the purpose of refreshing recollection, but as independent evidence of the facts therein stated. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; B. R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Lueders v. U. S. (C. C. A.) 210 F. 419. The refusal of the affirmative charge as to the first count for false imprisonment should have been given. Ex parte Central Iron & Coal Co., 212 Ala. 130, 101 So. 824; Crescent Motor Co. v. Stone, 208 Ala. 137, 94 So. 78. The verdict of the jury was a quotient verdict, and should have been set aside. Int. Agri. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415. The verdict is so excessive as to show passion and prejudice.

Horace C. Wilkinson and Crampton Harris, both of Birmingham, for appellee.

Where a memorandum contains statements which are not competent evidence, the burden is upon the party offering the memorandum to separate the competent from the incompetent. Deal v. Hubert, 209 Ala. 18, 95 So. 349. The charge. given by consent of the parties, limiting the issues, became the law of the case, and appellant cannot assume in the appellate court an attitude inconsistent with that taken in the trial court. Talley v. Whitlock, 199 Ala. 36, 73 So. 976; Bromberg v. Norton, 208 Ala. 117, 93 So. 837; 3 R. C. L. 718; Clinton M. Co. v. Bradford, 192 Ala. 576, 69 So. 4. To render a verdict objectionable and subject to vacation on the ground that it was a quotient verdict, it devolves upon the assailant to show that the jurors in advance agreed to be bound by a particular mode adopted in arriving at the verdict. B. R. L. & P. Co. v. Moore, 148 Ala. 130, 42 So. 1024; West. Union Tel. Co. v. Morrison, 15 Ala. App. 544, 74 So. 88; A. C. G. & A. v. Lee, 200 Ala. 550, 76 So. 908. The verdict was not a quotient one. B. R. L. & P. Co. v. Clemons, 142 Ala. 160, 37 So. 925. The appellate court cannot, in absence of a motion for new trial on the ground that the verdict was excessive, pass on the question of excessiveness vel non of the verdict. C. of Ga. v. Chambers, 197 Ala. 93, 72 So. 351.

ANDERSON, C. J. [1] It may be conceded that the transcript of the plaintiff's testimony on the former trial was sufficiently identified by the testimony of Tyler in connection with Manly, the stenographer who took it down, and was admissible under the third rule as laid down in the case of Birmingham L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241. But it contained much immaterial matter, including certain answers of Helton as well as the plaintiff, and, in order to put the trial court in error, the good should have been separated from the bad when it was offered in evidence.

[2] Upon the close of the testimony the plaintiff requested the following written charge:

"If you believe from the evidence that the plaintiff, Mr. Swaney, was not in the car at the time and place named by Mr. Helton, then you should find for the plaintiff."

The record recites that:

"The defendants in open court consented to the giving of said charge, and the same was read to the jury."

This was, in effect an admission of the liability and responsibility of the defendants for the arrest and prosecution, and narrowed the issues down to whether or not the plaintiff was in the car when arrested by Helton and the amount of damages he was entitled to recover if he was not in said car. True, the consent did not specify any particular count under which the plaintiff would be entitled to recover, but it admitted a liability with the hypothesis under some one of them, and the refusal to eliminate either of them was of no injury to the defendants, as they each claim the same amount, and the same character of damages was recoverable under each of them.

[3] The plaintiff denied being in the car, and he was corroborated, in a sense, by the witness, Tucker, and we cannot say that the finding of the jury that he was not in the car was so contrary to the great weight of the evidence as to put the trial court in error for refusing a new trial upon this ground.

[4] While the slips of themselves would indicate a quotient verdict, the testimony of some of the jurors negatives a quotient verdict strictly speaking.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.