(122 So. 359)

**EWART v. CUNNINGHAM.** (6 Div. 311.)

Supreme Court of Alabama. April 11, 1929.

Rehearing Denied May 23, 1929.

Harsh & Harsh and Woolverton & Haley, all of Birmingham, for appellant.

George Frey, of Birmingham, for appellee.

BOULDIN, J. The appeal is from a judgment upon executing a writ of inquiry before a jury upon judgment by default.

A former judgment was reversed, because the writ of inquiry was executed by the trial judge upon plaintiff's attempted withdrawal of his demand for a jury without defendant's consent. The order of this court was that such judgment "be reversed and the cause remanded for the execution of a proper writ of inquiry for the assessment of damages by a jury; the judgment by default being allowed to stand undisturbed." Ewart-Brewer Motor Co. v. Cunningham, 213 Ala. 391, 104 So. 789. Under this direction from this court the trial court properly declined to reopen the original judgment by default. It had been theretofore sustained in a mandamus proceeding before the Court of Appeals. Ex parte Cunningham, 19 Ala. App. 584, 99 So. 834.

■ A judgment by default while awaiting the execution of a writ of inquiry is interlocutory in character. The judgment for recovery of the ascertained damages is the final judgment. Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Ex parte U. S. Shipping Board Emergency Fleet Corp., 215 Ala. 322, 110 So. 469.

■ If, pending the cause, and before final judgment, a complete change of parties defendant has come about by amendment, discontinuance, or abatement, the remaining defendant, not a party at the beginning of the suit, may claim a discontinuance, unless waived. Copeland v. Dixie Const. Co., 216 Ala. 257, 113 So. 82.

The original summons and complaint ran against "Ewart-Brewer Motor Company, a corporation." By amendment "corporation" was stricken, and "Ewart-Brewer Motor Company, a partnership composed of W. E. Ewart and W. P. Brewer, and W. E. Ewart and W. P. Brewer" were made defendants. The judgment by default was entered after due service on the partnership and individual members. Before final judgment, W. P. Brewer died, and as to him the cause was discontinued or abated.

On motion of defendant, Ewart, a discontinuance was granted as to the partnership. He then moved a discontinuance on his own behalf because of complete change of parties defendant. This was overruled.

■ The amendment designating the company sued as a partnership, rather than a corporation, worked no change of parties. It served merely to properly designate and bring into court the legal entity subject to suit and intended to be sued in the first instance.

We are not disposed to view the individual members in the same light. They seem to be new parties brought in by amendment. But this we need not and do not decide, for the following reasons:

■ The death of one of the members of the partnership pending the suit did not work a discontinuance or abatement of the cause, nor require any revivor. The partnership survived as a party to the pending suit, its property remaining subject to any judgment recovered. Comer & Trapp v. Reid, 93 Ala. 391, 9 So. 621.

■ The discontinuance of the action as against the partnership was brought about not by law nor by the act of the opposing party, but upon motion of defendant, Ewart. He cannot claim a discontinuance for himself because of complete change of parties defendant at his own instance. He will be held to have waived such objection.

■ The complaint claims damages for a breach of warranty in the sale of a "Haynes Touring Car," warranted to be free from "defects in workmanship and materials." The breach alleged is that the car "was defective in that there was excessive vibration in the motor, the drive shaft of said car was not true, that the rear wheels of the car were out of line," "that the rear axle gears were not matched," to plaintiff's damage, etc.

Appellant's position that the complaint was wholly insufficient to support a judgment by default, that such judgment should have been vacated as void, is not well taken.

■■ Counts 2 and 3 lay the warranty and its breach to "defendants" and not to one of several defendants, not identified, as in Central of Ga. Ry. v. Carlock, 196 Ala. 659, 72 So. 261. A warranty upon a "sale" of personalty implies a consideration for such warranty. A complaint is not construed most strongly against the pleader where no demurrer is interposed, and the question is whether it states a cause of action in such manner as to support a judgment.

"Materials and workmanship" are the inclusive terms descriptive of all the elements or factors which enter into the making of a good automobile. They cover the detailed defects alleged in the complaint.

■ The judgment by default was conclu-

sive of the fact of a warranty and of its breach in some measure as alleged; and also conclusive of plaintiff's right to sue thereon, and to recover at least nominal damages. Demurrers and pleas thereafter filed were properly stricken on motion.

The automobile in question was purchased under conditional sale contract. The price was $1,799.80. It was stipulated that the purchaser should carry insurance for the protection of the vendor on deferred installments. Insurance was carried. About 11 months after the purchase, the car was destroyed by fire. In the sworn proof of loss the plaintiff placed the actual loss at $1,400, and collected that sum. In the same proof it was stated the car had been driven less than 7,000 miles and carefully handled; that the tires purchased with the car had not been changed and were in fair condition. There was conflict in the evidence as to whether the car was defective in any of the respects charged.

Evidence for defendant further tended to show that $1,400 would equal or exceed the full market value of this car, if free from all defects, after deterioration resulting from use of the car for 10 to 11 months, running 6,000 to 7,000 miles, as appeared in evidence by plaintiff. Damages were assessed at $450.

██ In dealing with the evidence relating to insurance, the trial court in his oral charge instructed the jury as follows:

"Now, there was some evidence introduced in here in regard to some insurance in this case. That matter is submitted to you for your consideration for only one purpose,—that is, to show any statement made by the plaintiff in this case in regard to the value of that automobile." * * *

"You have no interest or concern, and neither has the defendant in this case, as to who received any insurance or as to who paid any insurance or that any insurance was paid or received. This jury has no interest or concern in that and neither has the defendant any interest or concern in that."

Exception was reserved separately to the quoted instructions.

██ The rule must be regarded settled with us that the measure of damages for breach of warranty as to quality of the articles sold is the difference in value between the article as warranted and as it in fact was at delivery. The damages accrue at the time. No subsequent disposition of the property nor results of after events with which the vendor is not connected will serve to increase or decrease his damages. Chapman & Co. v. Dowling Hardware Co., 205 Ala. 586, 88 So. 748; Stewart v. Riley & Johnson, 189 Ala. 519, 66 So. 488; Attalla Fertilizer Co. v. Goddard, 207 Ala. 287, 92 So. 794; Foster v. Rodgers, 27 Ala. 602. Under this rule we find no reversible error in the above instructions.

██ True, the extrajudicial statements of plaintiff, tending to show value of the automobile as delivered, and to negative his contention as to defect affecting such value, were evidence of the facts so stated, and not limited to the impeachment of plaintiff as a witness. They were in the nature of admissions of a party against interest, to be weighed along with other evidence on the issues of fact.

But we cannot say the court limited these statements to purposes of impeachment only. The instruction was quite brief. It might well have defined the scope and effect of such statements of value; but, if defendant deemed it misleading, a request for an explanatory charge was in order.

The affidavits of jurors negatived any agreement, express or implied, leading to a quotient verdict, and overcoming any prima facie case made by the figures found in the jury room.

██ It is not improper in course of deliberation to have a bona fide expression from each juror of his judgment as to the proper amount of damages; nor after such expression to ascertain the average for the purpose of further deliberation.

██ A quotient verdict is in the nature of a gambling verdict; one wherein the juror morally commits himslf to a verdict subject to be increased or decreased by any juror naming a high or low amount for the purpose of controlling the average to be written as a verdict. George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; St. Louis-San Francisco R. Co. v. Swaney, 216 Ala. 454, 113 So. 410.

We find no reversible error in other assignments insisted upon. They need no separate discussion.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.