35 So.2d 101

## McBRIDE v. BAGGETT TRANSP. CO.

### 8 Div. 415.

Supreme Court of Alabama.

March 18, 1948.

Rehearing Denied May 13, 1948.

S. A. Lynne, of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

FOSTER, Justice.

Appellee recovered a judgment against appellant for damages to its tractor and trailer when it was being operated on the Bee Line Highway in Alabama between Birmingham and Decatur.

Plaintiff's tractor and trailer were proceeding in a northerly direction toward Decatur from Birmingham. The road made a gradual curve to the right of plaintiff, and then straightened out for several hundred feet; and then made another curve to the left. Defendant had stopped his car about midway between those curves, facing south, but on the east side of the road which was to his left. There was evidence tending to show that there were no lights on his car nor flares about it, though it was night. He contended that he had car trouble and ran it along with the starter, but stopped it on his left, where it had been for about two hours, and his lights were burning all the time.

There was evidence that it was wholly on the paved portion of the road, which was about eighteen feet wide. There was also evidence that his left wheels were off the pavement. He introduced a photograph of his car as it stood there, as he claims. The shoulder on his left is shown in the photograph, and by the evidence to have been about two feet wide. As plaintiff approached the car, which was in his lane of travel ahead, another truck had rounded the north curve coming south. Plaintiff's car was traveling between thirty-five and forty miles an hour. He claims that his driver did not see defendant's car on account of being blinded by the lights of the oncoming truck until he was right at the car, when the truck was also passing there, and that when he did he cut to his left and passed between the other truck and defendant's car, but in doing so the rear of his trailer scraped against defendant's front fender, and in his effort to get the tractor back straight in the road it turned over on its left causing the damage for which the suit was maintained.

It was tried on counts A and B. Count A attributes the negligence to his having negligently parked or left standing an automobile in such manner that less than fifteen feet of the main traveled portion of the highway opposite the said parked or standing car was left free for passing of other vehicles. This is based on section 25, Title 36, as amended (Pocket Part), Code.

Count B attributes the negligence of defendant to his having left, permitted or suffered an automobile to be parked on said highway at night during the period from one-half hour after sunset to one-half hour before sunrise without proper lights, torch or warning signal, and as a proximate consequence thereof, etc. This is based on section 46, Title 36, Code.

### Assignment of error No. 1.

Appellant insists that the demurrer to count A of the complaint should have been sustained because it does not allege that it was "practicable" to park or leave the car off of the paved or main traveled portion of the highway, and, two, because it does not allege that the vehicle was not so disabled while on the paved or main traveled portion of the highway in such manner and to such extent that it was "impractical" to avoid stopping and temporarily leaving such vehicle in such position.

The rule of pleading in this connection is as follows: "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there is an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party." Jefferson County v. Gulf Refining Co., 202 Ala. 510, 80 So. 798, 800; Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728; Saen-

ger Theaters Corp. v. McDermott, 239 Ala. 629, 196 So. 265; Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 So. 4.

An examination of section 25, Title 36, supra, shows that there is in the enacting feature (a) the exception that it must be practicable to park the car off the paved or main traveled portion, and, therefore, according to good pleading it should be alleged in the complaint that it was practicable to do so. As to duties under (a), supra, see, Winn v. Cudahy Packing Co., 241 Ala. 581, 4 So.2d 135. Whereas the second contention made above is predicated on an exception provided in a subparagraph c (as amended), and, therefore according to the rule above quoted, that exception need not be excluded in the complaint, but it provides for matter which is purely defensive. As to duties under (c), supra, see Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881.

But the demurrers do not raise either question, and while count A of the complaint does not allege that it was practicable to park the car off of the paved or main traveled portion of the highway, there was no error in overruling the demurrer, as insisted by appellant.

Count B of the complaint is apparently founded on a violation of section 46, Title 36, Code, and is substantially the same as count 4 held good in the case of Claude Jones & Son v. Lair, 245 Ala. 441, '17 So.2d 577. See, Cosby v. Flowers, 249 Ala. 227, 30 So.2d 694. There are no such exceptions in the operation of that statute as in section 25, supra. And the duty to display lights exists although the car may be otherwise properly parked. A violation of it is negligence· per se. Cosby v. Flowers, supra. No defect in this count is pointed out by the demurrer.

### Assignment No. 9.

We are considering the contentions of appellant in the order argued in his brief. This assignment relates to the giving of a written charge which we will mark "A" on page 16 of the record. It invokes the principle declared, as above stated in the Cosby case, supra, that a violation of section 46, Title 36, supra, is negligence as a matter of law. The statute prohibits certain acts as to a vehicle which "is parked or stopped upon a highway." The charge uses the word "leaving" instead of parking or stopping. We cannot concur in appellant's analysis of the charge to the effect that the language of the charge is not authorized by the statute.

### Assignment No. 14.

This assignment relates to refused charge 21 (page 19 of the record). It properly asserts a correct principle, but so to charge the jury in this case would tend to confuse the duty to place the car if practicable so as to conform to the requirements of section 25 (a), supra. Charge No. 20, given for defendant covered this contention of appellant.

### Assignments 16 and 17.

They are based upon the action of the court in overruling the motion for a new trial because the verdict was contrary to the great weight of the evidence. This is principally because of the claim of contributory negligence of plaintiff's driver. He was driving at a rate of thirty-five or forty miles an hour, according to the undisputed evidence; and appellant contends that since he was blinded by the lights of the approaching truck, he should have either stopped until it passed or slowed to the extent of having power to stop it or otherwise avoid the collision without damage. But it is our view that the ascertainment of plaintiff's duty under those circumstances is so interwoven with the details of of the occurrence that the jury could well have drawn the inference, as they did, that plaintiff did not negligently contribute to the damage.

### Assignments 10 and 11.

These assignments relate to the refusal of charges as to contributory negligence.

We cannot concur in the contention that the law prescribes a distinct and positive course of conduct by the drivers of cars approaching each other at night with strong headlights. The duty would be reciprocal. Which driver should stop, should both? Turple v. Oliver, 21 Alberta L.R. 508. We think that sometimes one of the drivers should stop or slacken his speed, when the other need not. But that is de-

pendent upon the circumstances then occurring: such as the speed of the approaching car; the extent of the glare; the condition of the road, and its course; and all other circumstances then operating. We do not have in this State any specific rule of the road applicable to all such conditions.

We think the rule in respect to another rightfully using the road is well stated by the Florida Supreme Court in Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881, as follows:

"Under those circumstances, when the vision of the driver of the defendant's car was so obstructed or obscured by the bright lights on the car coming from the opposite direction that he could not see anyone on the road ahead of him, it was the duty of the driver of defendant's car to exercise all ordinary and reasonable care and diligence to avoid injury to any one who might *rightfully be on the road* in front of him, even to the extent, if need be, of stopping his car if he could not see ahead of him because of the bright lights on the car he was meeting on the road." See, 1 Blashfield's Cyc. on Automobile Law, Perm. Ed. § 785.

But a motorist may assume that others will not negligently park in the highway at night, when the vision of others may be obscured. But this will not absolve him from using reasonable care under the circumstances. 2 Blashfield's Cyc. on Automobile Law, Perm. Ed. § 1227.

Many cases hold that it is not the absolute duty of a motorist blinded by the lights of an approaching car at night to stop, but that whether such driver was negligent is a question for the jury, especially when a car is illegally parked ahead of him without proper lights. Weaver v. Stephens, Mo.App., 78 S.W.2d 903; Anderson v. Thompson, 137 Kan. 754, 22 P.2d 438; Murphy v. Hawthorne, 117 Or. 319, 244 P. 79, 44 A.L.R. 1397; Jacobs v. Jacobs, 141 La. 272, 74 So. 992; Provosty v. Christy, La.App., 152 So. 784.

In the absence of knowledge to the contrary, users of highways may assume that other users will use them in a lawful manner, and until he has such knowledge he is entitled to govern his actions in accordance with that assumption. In such situation, the question is usually for the jury. Sidle v. Baker, 52 Ohio App. 89, 3 N.E.2d 537; Jacobs v. Jacobs, supra.

Some authorities take the view that when a driver meets another at night, so that his view is blinded he must bring his own automobile under such control as will enable him to stop immediately or within such distance as he can at all times see ahead without regard to whether the obstruction is violative of the law. But authorities so holding show that other courts have refused to adopt that rule, and hold that the question of the driver's negligence is one of fact to be determined by the jury. Carlson v. Johnke, 57 S.D. 544, 234 N.W. 25, 72 A.L.R. 1352.

This conflict of authority is also emphasized in 41 A.L.R. 1040 et seq.; 42 Corpus Juris 930, 931.

We are not here dealing with one who was rightfully using the highway, and whose use should have been anticipated, but one who was doing so in violation of the laws of Alabama, as the jury found. The degree of duty to them is not the same. We have no rule fixed by our cases nor by statute which prescribes any certain duty on the part of one situated as plaintiff was in the instant case.

We will not at all undertake to say what was the duty of plaintiff's driver on the occasion in question. That was peculiarly a question for the jury. The court gave to the jury charges 6, 7 and 11, at the instance of defendant, which extended to him the full benefit of the principle applicable in this connection.

### Quotient Verdict.

The next question is also included in the motion for a new trial, and is based on the contention that the verdict was a quotient verdict. Movant made out a prima facie showing in that respect by proving that on the back of one of the charges which went to the jury were figures not there when it went to them. There were twelve figures which were added up and divided by twelve with the verdict in the sum of the amount of the result. George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; International Ag-

ricultural Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L.R.A.,N.S., 415; Mobile & Ohio R. R. v. Watson, 221 Ala. 585, 130 So. 199; New Morgan County Bldg. & Loan Ass'n. v. Plemmons, 210 Ala. 286, 98 So. 12.

But the prima facie effect of such evidence may be overcome by proof which is permissible to be made by the jurors themselves that the verdict was not arrived at by that process, and that it was used without previous agreement that the result would be taken as the amount of the verdict, but that it was tentative only, and to afford a basis for subsequent consideration by the jury. Birmingham Rwy. Light & Power Co. v. Clemons, 142 Ala. 160, 37 So. 925; St. Louis-San Francisco R. Co. v. Swaney, 216 Ala. 454, 113 So. 410; Alabama City, G. & A. Rwy. Co. v. Lee, 200 Ala. 550, 76 So. 908; Birmingham Rwy. Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024; Ewart v. Cunningham, 219 Ala. 399, 122 So. 359.

The proof submitted by plaintiff sufficiently shows that there was no previous agreement that the verdict should be thus arrived at, but that the procedure was for the purpose of discussion, and that afterwards all agreed that the figure correctly represented plaintiff's damages.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.