41 So.2d 390

**COPELAND v. STATE.**

**1 Div. 338.**

Supreme Court of Alabama.

June 23, 1949.

Outlaw, Seale & Kilborn, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant, Lloyd Copeland, age forty-two, killed Lottie Copeland, thirty-four, his long-time mistress and one-time wife, by shooting her five times with a .38 caliber revolver. The only propositions meriting treatment are those advanced in argument and they are such that it will be unnecessary to burden this opinion with a recital of the facts detailing the clandestine concubinage of these two unfortunate parties during their sixteen years of relationship, or to notice the several marriages which defendant undertook, one with Lottie herself, all the while maintaining more or less continuous intimacy with her.

The principal insistence for a reversal is the refusal of the trial court to grant the motion for a new trial on the ground that the verdict assessing the defendant's punishment at forty-six years imprisonment was a quotient verdict. One of the defendant's counsel, immediately after the jury returned the verdict, found on the table in the jury room a yellow scratch pad, 8½ by 14 inches in size, on which were pencil memoranda:

$$
\begin{array}{r}
320 \\
150 \\
\hline
11)\overline{470}(43 \\
44 \\
\hline
30
\end{array}
$$

$$
\begin{array}{r}
47 \\
12)\overline{575} \\
48 \\
\hline
95 \\
84 \\
\hline
11
\end{array}
$$

The argument is that these figures indicated a quotient verdict.

The rule is that where there are shown figures used by the jury in its deliberation, from which a fair inference may be drawn that the verdict was a quotient, the court will so hold, and that it was conditioned on a previous agreement, unless satisfactory countervailing evidence is introduced to show the contrary. Mobile & D. R. Co. v. Watson, 221 Ala. 585, 130 So. 199, and cases cited.

But corollary to this is the principle that it must satisfactorily appear that the jury adopted such a plan in arriving at the verdict and that they agreed in advance that they would be so bound. All of our decisions are to the effect that "the vitiating fact is the agreement in advance to abide by the result." McBride v. Baggett Transportation Co., 250 Ala. 488, 35 So.2d 101; Sanders v. State, 243 Ala. 691, 11 So.2d 740; St. Louis & San Francisco R. Co. v. Swaney, 216 Ala. 454, 113 So. 410; Ewart v. Cunningham, 219 Ala. 399, 122 So. 359; Western Union Tel. Co. v. Hill, 163 Ala. 18, 50 So. 248, 23 L.R.A., N.S., 648, 19 Ann.

Cas. 1058; Birmingham R., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024.

■ So, if there be no previous agreement that the average estimate to be arrived at shall be binding and this plan of deliberating is adopted merely for the purpose of achieving a working basis, which the jurors are free to accept or reject as they see fit, a verdict to which the jurors subsequently agree is not regarded as a quotient one but is binding whether it be for a sum which is the average of the amounts fixed or for some other amount. Harris v. State, 241 Ala. 240, 2 So.2d 431; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 268, 122 A.L.R. 637; Ewart v. Cunningham, supra.

■ On a careful consideration, we think it clear from the testimony of the foreman of the jury on the hearing of the motion for a new trial, in explanation of the above figures, that there was no previous agreement that a binding verdict should be arrived at by a quotient method, but that the procedure used was for the purpose of discussion and that the final verdict represented the voluntary conclusion of the members of the jury as to the punishment to be awarded. Being so, the verdict is not subject to the challenge leveled against it. This juror's testimony was to the effect that the figures were the totaling of estimates and a calculation therefrom of an average of the individual opinions of the jurors, which figures were used merely for the purpose of arriving at a working basis for future deliberations; that there was no agreement in advance to be bound by any such average and that the verdict of forty-six years was not finally agreed upon until the jury had deliberated for an hour after the last average had been calculated. We may well adopt the pertinent observation in City of Dothan v. Hardy, supra, where it was said that "The figuring, under this state of facts, amounted to no more than a tentative ascertainment of the views of the jurors, having no controlling influence thereafter, but leaving each of the jurors free to say what verdict he would approve." Of such import is the evidence to sustain the validity of the verdict here, necessarily resulting that the ground asserted is untenable.

■■ The next contention is that error prevailed with reference to the admission of certain testimony of defendant's witness, Dr. Murphy, on cross-examination, where the following transpired:

"Q. Doctor Murphy, a while ago you testified about the treatment for gonorrhea of Lottie Copeland and this defendant Lloyd Copeland. I will ask you, Doctor, if you treated her on another occasion down here on Selma Street at Mrs. Day's [her sister's] home, about three years ago? A. Yes, sir.

"Q. And what was that treatment for, Doctor? A. That was for—she apparently been beat up. She had a lot of bruises and a few cuts on her.

"Q. Cuts and bruises,—where were they? A. They were on her, as near as I can recall, on her face, and I think some on her body too.

"Q. Face and body,—was she in bed? A. Yes, sir.

"Mr. Seale: Now, I move to exclude that, if the Court pleases, not relating to this case.

"Mr. Booth: It will relate. I will connect it up.

"The Court: I refuse the motion. Exception."

It is insisted that the defendant was not shown to have inflicted these injuries or to have been connected with the incident and that, therefore, the court erroneously overruled the motion to exclude. There are two answers to this contention, the first being that it reasonably appears that the solicitor did "connect up" this testimony by the rebuttal testimony of Lottie's sister, Mrs. Day, where she testified that about three years ago "her [Lottie's] face was beat up and her eye was blacked and her body had bruises all over it" and that "Lloyd did" it; and second, the motion to exclude could not properly be made a predicate for error in the absence of seasonable objections and exceptions, which were not interposed. McCalman v. State, 96 Ala. 98, 11 So. 408; Birmingham Ry., Light & Power Co. v. Chastain, 158 Ala. 421, 429, 48 So. 85; St. Louis & S. F. R. Co. v. Sutton, 169 Ala. 389, 402, 403, 55 So. 989, Ann.Sas.1912B, 366; Adams Hard-

ware Co. v. Wimbish, 201 Ala. 547(3), 78 So. 901; Mobile City Lines v. Alexander, 249 Ala. 107(15), 30 So. 2d 4.

Short of the foregoing two propositions argued for error is that relative to the testimony of State's witness Pryor, a deputy sheriff, to the effect that a lady resembling in appearance Lottie Copeland came to the sheriff's office on May 14, 1947, and procured a warrant for "public drunk" against the defendant, and that she had bruises on her face. It is doubtful that the exception was saved to several of the rulings, since objections thereto came too late, but we will treat the questions as if they were seasonably made.

■ Confining consideration to the specific objections made, we will notice in passing that under the issues presented, testimony indicating prior difficulties between the parties and prior assaults on the deceased by the defendant and the nature and gravity thereof was material evidence in the case. Bryant v. State, ante, p. 153, 39 So.2d 657(4); Buffalow v. State, 219 Ala. 407, 122 So. 633.

■ This principle seems to be unquestioned and the trial court seems to have understood the challenge to this evidence to rest on the failure of officer Pryor to identify the party as being Lottie Copeland. This also appears to be the appellant's contention as argued here, since counsel make the unsupported statement that the woman was in fact not Mrs. Copeland. If so, the record itself answers such a contention, since the witness, on being shown an exhibit, seemingly a photograph of Mrs. Copeland, stated that it resembled her, thus making the question of the identity of the party one for the determination of the jury.

■ The objection, however, was also interposed that there was nothing to afford an inference that the defendant was "connected" with the party who appeared in the sheriff's office with bruises on her face, so we will consider that objection too. We think a reasonable construction of the record impels a contrary conclusion. In so far as the evidence relative to the charge of public drunkenness is concerned, the defendant himself injected this into the case where, on his direct examination, he

testified that in May of 1947 during his vacation from the Fire Department, he was arrested on a warrant from the inferior court charging him with such an offense and, since the record generally discloses that there were many altercations between the parties and that he had on occasions inflicted physical injury on her, the jury, after the witness's identification of her by her picture, had a right to infer that the woman in the sheriff's office was Lottie Copeland, who procured the warrant against him about which he himself had testified, thus connecting him with the incident about which the witness testified.

As for the objections argued, we do not think the record discloses prejudicial error in the ruling of the court.

Truly, as so ably argued by counsel for appellant, the case has its pathetic as well as grave aspects, but on a careful review we are unable to pronounce as prejudicial error any ruling of the court pending trial. In fact, as we view the record, we think the court was generous in its rulings in permitting the defendant considerable latitude of proof in support of his several defenses. We are impressed that no reversible error is made to appear.

Affirmed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.