184 So.2d 157

**Wanda S. SIMS**

v.

**Daniel W. GRENIEWICKI.**

**6 Div. 114.**

Court of Appeals of Alabama.

Jan. 18, 1966.

Rehearing Denied March 8, 1966.

J. J. Cockrell and Thos. Seay, Birmingham, for appellant.

Adams & Adams, Birmingham, for appellee.

1. Mrs. Sims claims she hit the left front of the Greniewicki car while trying to turn right into a private driveway. Evidence for Greniewicki tended to show that she ran into its rear end.

2. Code 1940, T. 36, § 46(a), as amended: "Whenever a vehicle is lawfully parked

CATES, Judge.

This appeal was submitted December 2, 1965.

The cause of action arose September 21, 1962, and has wended its weary way into this, the third, court: for the third time a judgment against Mrs. Sims for $917.56 prevails.

## I.

### The Facts

Mrs. Sims was nearing home in the early morning when she swerved her car to the right and collided with Mr. Greniewicki's parked car.[1] She testified that the lights of an oncoming car blinded her.

Mrs. Greniewicki and a police officer quoted Mrs. Sims as saying shortly afterwards that, among other things, her steering gear went wrong.

## II.

While the res ipsa loquitur doctrine (see Cooper v. Agee, 222 Ala. 334, 132 So. 173) might suffice to affirm, we can point out other reasons also.

■ *First,* the trial judge read from Code 1940, T. 36, § 46(a), as amended. This statute—were we empowered to so hold—prescribes too vague a standard of visibility as to whether a city street light illuminates a "person or object." Without some specification as to the size, reflectivity or luminosity of either a person (child or adult) or object, large or small, there is much to be desired. Moreover, we could take judicial notice that this statute[2] is unenforced in cities.

■ *Second,* even if Greniewicki's car were parked contrary to either State law or

upon a street or highway during the hours between a half hour after sunset and a half hour before sunrise where there is sufficient light to reveal any person or object within a distance of five hundred (500) feet upon such street or highway no lights need to be displayed upon such parked vehicle."

City by-law, the efficient cause and extent of damages were questions of fact. McBride v. Baggett Transportation Co., 250 Ala. 488, 35 So.2d 101 (hn. 10).

### III.

Under Code 1940, T. 13, § 66, we consider the foregoing is more than sufficient to explain our affirmance.

The judgment below is

Affirmed.

### On Rehearing

■ Alabama appears committed to the concept that as a matter of law a breach of a statute or ordinance can give rise to negligence. This concept is basically conditioned on two postulates: (1) that the enactment is "designed for the protection of the person claiming to have been injured by reason of such violation"; and (2) that the violation must be "a contributing cause of the injury." Allman v. Beam, 272 Ala. 110, 130 So.2d 194.

The trial judge directed the jury's attention to the statute as to lights on a parked car. Code 1940, T. 36, § 46, as amended, supra. Hence the verdict against Mrs. Sims meant that the jury was reasonably satisfied that the lack of lights did not contribute to Mrs. Sims's running into Greniewicki's car.

■ We need not pass on the nature of protection encompassed by the statute. The instruction mentioned made the law of the case for the appellant. This because she took no exception thereto as required by Code 1940, T. 7, § 273.

■ This charge indeed was as favorable on this point as Mrs. Sims was entitled to under any view of the evidence.

Wall v. Cotton, 22 Ala.App. 343, 115 So. 690, and Littlejohn v. Staggers, 23 Ala.App. 322, 125 So. 61, are concerned with § 6264 of the 1923 Code which was not carried forward [3] in the 1940 Code.

Application overruled.

---

3. § 97 of Act 347, August 23, 1927, related to the same subject.