**Virginia C. McDANIEL,
Plaintiff-Appellant,**

v.

**Albert Franklin D. FRYE et al., etc.,
Defendants-Appellees.**

**No. 75–1062.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1976.

Walter R. Byars, Montgomery, Ala., Wm. F. Able, Columbia, S. C., for plaintiff-appellant.

Harry Cole, John M. Milling, Jr., Montgomery, Ala., for defendants-appellees.

Before BROWN, Chief Judge, JONES and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

Virginia C. McDaniel, invoking the diversity jurisdiction of the Federal courts, sought damages for personal injuries resulting from an automobile collision on an Alabama highway.

On February 19, 1973, Virginia C. McDaniel and her husband were traveling by automobile to Enterprise, Alabama, where they were to be examined by their doctor. Mr. McDaniel was driving the car. The title of the car was registered in Mrs. McDaniel's name. Albert Franklin D. Frye was driving a green-gray 1968 Chevrolet pickup truck owned by Nina Turner and operated for the F. D. Frye Trucking Company. Prior to beginning the trip it had been discovered by the trucking company that a backup light and the rear license tag light were not burning. At the time of the accident, the truck bed contained a spare tire and six large dump truck tires, two of which partially obstructed the view through the rear window. At approximately 10:15 P.M. Frye stopped on U.S. Highway 231 in a rural section of Montgomery County, Alabama to pick up two hitchhikers. The road at that point consisted of four lanes, two going north and two going south, separated by a median. The highway was straight, with good visibility for one to two miles. Frye did not pull off the side of the road as he might have done, but stopped in the middle of the right southbound lane. The McDaniel vehicle was traveling at approximately 60 miles per hour and had the headlights on bright. It ran into the rear of the stopped truck. There were no skid marks. Virginia McDaniel was injured.

The complaint set forth two theories of liability, negligence and wantonness. The defendants denied negligence, wantonness and proximate cause, and asserted imputed contributory negligence as a defense. The case was tried before a jury. The defendants produced an expert witness who had examined the truck more than a year and a half after the accident. He showed exhibits and testified that the rear tail lights, including either the brake or flasher lights, were burning immediately prior to the accident. His testimony was controverted by an expert witness called by the plaintiff. The truck driver testified that prior to stopping for the hitchhikers he turned on his emergency flashers and looked into his rear view mirror, seeing no approaching traffic. He said the truck's inside dome light was also on. The McDaniels testified that they did not see the truck prior to the impact. A diagram of the placement of the tires in the truck bed was admitted into evidence. McDaniel proferred photographs purporting to simulate the truck as it was loaded. The court sustained objections to two of them on the ground that they did not accurately portray the truck as it was loaded. The court directed a verdict in favor of the defendants on the issue of wantonness at the close of all the evidence and refused McDaniel's requested instructions on that issue.

After an appropriate instruction that contributory negligence, if proved, would defeat recovery the court instructed the jury as follows:

"The driver of an automobile on a public road has a duty to travel at such speed that he can control his vehicle within the distance he can see ahead of him in case of an emergency . . .. Mr. McDaniel was under a duty to keep a lookout for traffic and obstructions in the highway ahead of him. And he is charged with the knowledge of what a reasonably prudent driver would have seen, and he is negligent if he fails to discover a vehicle that he could have discovered in time to avoid the accident in the exercise of reasonable care."

The verdict was in favor of the defendants. McDaniel moved for a judgment notwithstanding the verdict or in the alternative for a new trial. The court denied the motion and entered judgment accordingly. McDaniel appealed.

■ She raises several points of error. First, she argues, the issue of wantonness should have been submitted to the jury.

The Supreme Court of Alabama has recently defined "Wantonness" in this manner,

" ' "Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result . . . ' *Kilcrease v. Harris,* 288 Ala. 245, 251, 259 So.2d 797, 801 (1972); *Culpepper & Stone Plumbing & Heating Co. v. Turner,* 276 Ala. 359, 162 So.2d 455 (1964). One may be guilty of wanton misconduct without actual intent to injury (sic) anyone. *Birmingham Railway, Light & Power Co. v. Murphy,* 2 Ala.App. 588, 56 So. 817 (1911). In this sense, '. . . a willful or intentional act is not involved in wantonness . . . .' *Atlantic Coast Line R. Co. v. Brackin,* 248 Ala. 459, 461, 28 So.2d 193, 194 (1946). '. . . wantonness may arise where the defendant has knowledge that persons, though not seen, are likely to be in a position of danger and with conscious disregard of known conditions of danger . . . .' *Crocker v. Lee,* 261 Ala. 439, 444, 74 So.2d 429, 434 (1954). The knowledge requirement of wantonness 'need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference.' *Kilcrease v. Harris,* supra (288 Ala. at 252, 259 So.2d at 802)." *Dixie Electric Company v. Maggio,* Ala.1975, 294 Ala. 411, 318 So.2d 274, 276.

There was evidence that the driver of the dark colored truck stopped in the middle of a traffic lane, without necessity for doing so, without lights or with inadequate lights. There was substantial evidence of wantonness as that term is defined by the Alabama courts. It was error to direct a verdict on that issue in favor of the defendants and to refuse to submit the issue to the jury. *Boeing Company v. Shipman,* 5th Cir. 1969, 411 F.2d 365.

■ Mrs. McDaniel also contends that the court erred in submitting to the jury the issue of her husband's duty to drive at a speed that would allow control of the vehicle within the distance he could see in the event of an emergency. This contention is without merit. The evidence was such that the jury could have determined that the driver of the McDaniel vehicle violated this duty and that the violation was a proximate cause of the accident.

■ Mrs. McDaniel's third contention is that the court erred in charging the jury as to Mr. McDaniel's duty to keep a lookout because, she argues, he was under no duty to maintain a lookout for traffic and obstructions on the highway which were in violation of the law. To support this proposition she refers this court to *McBride v. Baggett Transportation Company,* 250 Ala. 488, 35 So.2d 101. However, the *McBride* case does not stand for the proposition that a driver owes no duty of care to one whose vehicle is wrongfully standing in the highway. The duty is different than that owed to those lawfully using the highway, but there is nevertheless a duty to exercise rea-

sonable care under the circumstances. 250 Ala. 488, 493, 35 So.2d 101, 105. The case of *Cooper v. Agee,* Ala.1931, 222 Ala. 334, 132 So. 173, is more applicable. There the plaintiff's car was standing on the right side of the highway at night. The two left wheels were three feet on the highway. Plaintiff and a companion, who were behind the car, were struck by defendant's car. Judgment was for the defendant. The Alabama Supreme Court reversed and remanded. It determined that plaintiff's violation of the Alabama Highway Code's prohibition of parking on the paved portion of a highway did not bar recovery as a matter of law. The court discussed the duty of a driver to maintain a lookout for others using the highway in language similar to the district court's charge in this case. *Harbin v. Moore,* Ala.1937, 234 Ala. 266, 175 So. 264; *Rogers v. Crow,* Ala.1943, 244 Ala. 533, 14 So.2d 157; *Allman v. Beam,* Ala.1961, 272 Ala. 110, 130 So.2d 194.

The district court's charge in the present case accurately stated the law of Alabama under the authorities cited.

■■ Mrs. McDaniel also claims that the court committed several errors with regard to the issue of imputed contributory negligence. Her contentions are unfounded. The court correctly charged the jury and otherwise committed no reversible error. She further contends that the expert testimony and exhibits concerning the truck's rear lights introduced by the defendants were inadmissible because the tests performed by the witness were too remote in time and the truck was not in the same condition as it was at the time of the accident. The record contains sufficient evidence to support a determination that the truck was in substantially the same condition when examined as it was immediately after the accident. The court did not abuse its discretion.

■ Finally, Mrs. McDaniel argues that the court improperly excluded pictures simulating the loaded truck. The truck driver testified that they did not accurately reflect the way the tires were placed. Hence, their exclusion was proper. Even if the court erred, it was harmless error in light of the fact that the court admitted a diagram showing the position of the tires.

The issue of wantonness should have been determined by the jury. It was error to refuse to submit this question to the jury under appropriate instructions. The action must be tried again on this issue and so that this may be done the cause will be remanded. There is no reversible error in the trial of the questions of negligence and contributory negligence and the judgment of the district court on these issues is affirmed. The judgment on the wantonness issue is reversed and the cause remanded for a new trial on that issue.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.