AFTER REMANDMENT BY THE SUPREME COURT OF ALABAMA
LEIGH M. CLARK, Retired Circuit Judge.
In accordance with appellant’s “Motion to consider issues in original brief heretofore not considered” by this Court, we hereby supplement our opinion on original submission, 391 So.2d 1049.
As stated in the last part of the opinion on original submission, the particular issue that was not determined at that time was as to the insistence of appellant “that the trial court was in error in admitting in evidence, over objections of defendant, testimony as to the details of prior difficulties between the deceased and the accused.” Appellant states in his brief on the point:
“The State was allowed over the objection of the defendant to elicit testimony from the defendant that he had beaten the deceased on several occasions, (R. 260, 261), and in fact has slapped the deceased hard enough to black both eyes in April of 1978 (R. 261). State was allowed to further question the defendant as to how many times he had slapped the deceased, and the fact that he had put her into the hospital (R. 262, 292, 293, and 294). The State was allowed to put before the jury evidence that should have been kept from their consideration.”
The references in appellant’s brief to pages 260 and 261 of the transcript relate to the first part of the cross-examination of defendant immediately after he had been asked on direct examination, “Did you love Bev?” and had answered “Yes, sir, I did.” The following constitutes the entire remainder of pages 260 and 261:
“Q. You say you loved your wife, Mr. Stockard, is that correct?
“A. Yes, sir.
“Q. As a matter of fact you beat your wife up on several occasions, didn’t you?
“MR. TWEEDY: Wait just a minute. I object to that. It is incompetent, immaterial and irrelevant. It has no bearing on the issues in this case. The question was asked, ‘Do you love her?’ The question was at that time. It is not going back into past history.
“MR. BAKER: I think love is past tense. Did you love . . . Past tense.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“Q. In fact, Mr. Stockard, you had beat Beverly up on several occasions, didn’t you?
“MR. TWEEDY: Wait just a minute. I object to that. It is irrelevant, incompetent and immaterial. Seeks to go into prior matters prior to the date of this difficulty. Time is not limited. It is only prejudicial to the defendant.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“Q. You and Beverly had had a stormy marriage, haven’t you?
*1067 “MR. TWEEDY: That’s irrelevant, incompetent and immaterial.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“A. Yes, sir, we didn’t have the best marriage.
“Q. As a matter of fact, you and her had had fights in which you had beat her up, isn’t that correct?
“MR. TWEEDY: I object to that, Your Honor. Same grounds.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“A. I had slapped her before, yes.
“Q. Slapped her.
“A. Yes, sir.
“Q. How hard had you slapped her, Mr. Stockard?
“A. I don’t know.
“Q. You slapped her hard enough to black both eyes back in April of 1978, didn’t you?
“MR. TWEEDY: I object to that. Incompetent, immaterial and irrelevant. Seeks to go into prior [at this point page 261 ends and page 262 begins] difficulties they had had before then and has no bearing on this issue at this time.
“THE COURT: Sustained.”
It is to be noted that the court sustained defendant’s objection to the question whether defendant “slapped her hard enough to black both eyes.”
As indicated in appellant’s brief, the court overruled defendant’s objections to questions asked defendant as to how many times he had slapped the deceased in 1978, but a modification of that inquiry is shown by the following portion of pages 262 and 263 of the transcript:
“Q. Before she died in August 26, last year, you have told her you slapped her. When was the last time you slapped her before she died?
“MR. TWEEDY: I object. It seeks to go into prior difficulties.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“A. I don’t know.
“Q. You don’t know.
“A. No.
“Q. Well, when was the last time you remember slapping her?
“MR. TWEEDY: Same objections and same grounds.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“A. I don’t recollect really.”
The first reference to any connection between defendant’s slapping his wife and her being put into the hospital is noted during cross-examination of defendant on pages 263 and 264 of the transcript as follows:
“Q. In fact you slapped her and put her in the hospital back in April, didn’t you?
“MR. TWEEDY: I object to that, Your Honor. Incompetent, immaterial, irrelevant. Goes into prior difficulties and has no bearing on the issues of this case. Only prejudicial to the defendant.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“Q. You slapped her and beat her up and put her in the hospital back in April and she left you, isn’t that correct?
“A. No, sir, it’s not.
“Q. It’s not correct?
“A. No, sir.
“MR. TWEEDY: Give me an objection. I was trying to object to it.
“THE COURT: Overruled.
“MR. TWEEDY: We except.
“Q. She went in the hospital back in April, didn’t she?
“MR. TWEEDY: I object to that. Incompetent, irrelevant, and immaterial. No bearing on the issues of this case.
“THE COURT: Sustained.”
The references in appellant’s brief to pages 292-294 of the record relate to cross-examination of defendant in which we do not find any question or evidence pertaining to defendant’s putting his wife in a hospital.
We are unable to conclude from the record that the trial court admitted, over objections of defendant, evidence as to *1068 former difficulty or difficulties between defendant and his deceased wife to the extent asserted by appellant. To some extent, at least, the State was entitled to cross-examine defendant on the subject of his love for his wife, which he had injected into the case. This can be said without approval of all of the rapid-fire, and to some extent argumentative, cross-interrogation of the defendant. Furthermore, we do not agree with appellant’s insistence that evidence of his having slapped or beaten his wife to such an extent as to blacken her eyes or otherwise substantially injure her would constitute inadmissible details of a former difficulty. Appellant places special reliance upon Holland v. State, 62 Ala. 5, 11, 50 So. 215 (1909) in which it is stated:
“The state had the right to show a former difficulty between defendant and the deceased, for the purpose of showing malice; but the fact that the decedent’s face was swollen and bruised about three weeks before the killing had a tendency to enter into the details of the difficulty and should not have been admitted. McAnally v. State, 74 Ala. 9.”
A case more in point, we think, is Copeland v. State, 252 Ala. 399, 403, 41 So.2d 390 (1949), in which it is stated:
“Confining consideration to specific objections made, we will notice in passing that under the issues presented, testimony indicating prior difficulties between the parties and prior assaults on the deceased by the defendant and the nature and gravity thereof was material evidence in the case. Bryant v. State, ante [252 Ala.], p. 153, 39 So.2d 657(4); Buffalow v. State, 219 Ala. 407, 122 So. 633.”
In Copeland, supra, the victim was defendant’s mistress, and part of the evidence admitted as to former difficulties between the two was that he had beaten her “and her eye was blacked and her body had bruises all over it.” Certainly, appellant, the alleged murderer of his wife, has no more standing to object to evidence as to previous injury to her than did Copeland, the alleged murderer of his mistress.
In addition, we should mention the large measure of discretion that should be allowed the trial judge in determining the admissibility of proposed evidence as to a former difficulty between a defendant and the alleged victim of a homicide, which has been recently emphasized. Davis v. State, Ala.Cr.App., 331 So.2d 813 (1976); Padgett v. State, 49 Ala.App. 130, 269 So.2d 147, cert. denied, 289 Ala. 749, 269 So.2d 154 (1972); Gamble, McElroy’s Alabama Evidence, § 45.06(2) (1977). Judge McElroy largely gives credit for the beneficence of the modern rule to Justice Harwood in opinions written by him, while a judge of the Court of Appeals of Alabama, beginning with Dodd v. State, 32 Ala.App. 504, 27 So.2d 259 (1946).
We find no error as to any of the issues presented by appellant that were left undetermined in the opinion on original submission.
The judgment of the trial court should be affirmed on authority of the decision of the Alabama Supreme Court in Ex parte State (In re Stockard v. State), 391 So.2d 1060 [Ms. 79-266 Aug. 8, 1980],
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.