I respectfully dissent. After reviewing the record I must reach the conclusion that there was evidence to support the jury's verdict.
The record reveals that, among other things, Gustin was allowed to testify that he had placed $10,000 worth of equipment in the building and that this equipment had not been returned. At the end of the trial, after the above evidence had been presented, the jury was instructed as follows: "[I]f you determine that she [appellant-Arata] did wrongfully dispossess the Defendants then they would be entitled to the damages for the value of the improvements that they had on the leased premises."
Though the majority is undoubtedly correct that "improvement(s)" is a term which usually refers to valuable additions to real property, "improvements" was not so defined or limited in the foregoing instructions. Because "improvements" was not defined in the instructions, I cannot agree that the trial court excluded the value of the equipment from the jury's consideration. Stated differently, since the instructions did not define "improvements," it is my belief that the jury could properly consider the testimony as to the value of the *Page 106 
equipment in assessing damages. That testimony, if believed, obviously supports a $9,000 verdict.
Admittedly the jury instruction in question was not a paragon of clarity. The instruction, however, was not objected to and therefore became the law of the case. Loch Ridge ConstructionCo. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973); Sims v.Greniewicki, 43 Ala. App. 159, 184 So.2d 157 (1966). As explained above, it is my view that, considering the law as explained to the jurors, there was sufficient evidence to support the $9,000 verdict.
I would affirm the trial court.