197 So. 360

### KEY v. STATE.

2 Div. 647.

Court of Appeals of Alabama.
Nov. 21, 1939.

Rehearing Denied Nov. 28, 1939.

Reversed after Remandment Feb. 27, 1940.

Rehearing Denied March 26, 1940.

Affirmed on Mandate June 29, 1940.

Geo. O. Miller and Geo. O. Miller, Jr., both of Livingston, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of robbery, and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Code 1923, § 5460.

It was alleged that he "feloniously took two slot machines of the value of to-wit: one hundred dollars, the property of George Lewis, from his person, or from his possession, and against his will, by violence to his person or by putting him in such fear as unwillingly to part with the same against the peace and dignity of the State of Alabama."

The State's testimony, given by George Lewis and another—George's helper—was to the effect that appellant came to the garage at Cuba, Alabama, operated by George Lewis, after dark on a certain night in December, 1937, and "held up"—at the point of a pistol—George Lewis and one Drinkard, and forced them to load into a car driven by appellant's companion the two slot machines in question; when appellant and his companion drove away with them.

In other words, every element of the offense charged was made out by the State's testimony—given, as noted, by Lewis and his helper Drinkard.

The said testimony, as to the commission of the offense, and the details thereof, was undenied—appellant's sole defense being what is known as an alibi—that is, that he was at another place when the crime was committed, and was in no way connected with same.

The testimony, for the State and for the defendant (appellant) made a clear cut issue for the jury—the State's witnesses positively identifying the appellant as the guilty party; his own, and that of his witnesses, being to the effect that it was not physically possible for him to have been connected with the crime.

And there was no error in refusing to grant appellant's motion to set aside the verdict of the jury as for its being against the great weight of the evidence.

One of the slot machines taken was shown without dispute to be the property of George Lewis. But even if it had not been so shown, it was immaterial. For, concededly, both slot machines were taken from the *possession* of George Lewis; and

were *not* the property of appellant. This met the requirement of the law in such cases. Douglass v. State, 21 Ala.App. 289, 107 So. 791. Hence, there was no error in sustaining the State's objection to the question to George Lewis as to "who owned the *other* slot machine."

Lewis, the chief State's witness, testified that some time after the robbery he was in Meridian, Mississippi, and *saw* appellant,— this being brought out on cross-examination of Lewis, as he was maintaining that he could *not* have been mistaken in his identification of appellant as the man who robbed him, and whom he saw for the first time on the night of the robbery.

The State then offered as a witness one *Tom Upchurch,* who was allowed to testify over appellant's objection that he (who did not witness the robbery, at all) was with Lewis on the occasion in Meridian, Mississippi, when Lewis said he *saw* appellant; and that the man that Lewis saw *was* the appellant.

■ The admission of the testimony of *Tom Upchurch,* noted above, was error for which the judgment of conviction must be reversed. It falls, as we see it, squarely within the principle of law quoted and reaffirmed by the late, very learned, and lamented Mr. Justice Sayre, in the opinion in the case of Shamberger v. State, 221 Ala. 538, 130 So. 70, 71, to-wit: "In Green v. State, 96 Ala. 29, 11 So. 478, 479, the court said: 'A witness cannot corroborate himself by introducing other witnesses to prove that he made the same statement to them to which he deposed, or that he showed other witnesses a spot in regard to which he had testified.'"

True, it should be observed on behalf of the learned trial judge that, after appellant's objections to the questions calling for this testimony had been overruled; and after his motion to *exclude* the said testimony had been treated likewise; the court realized its error, and sought to remedy same by merely stating—after interrogating the Solicitor prosecuting for the State —"I do not see the relevancy. I sustain the objection to that."

But the action by the court was entirely insufficient. Appellant's motion to *exclude* the said testimony from the jury's consideration should have been granted—in clear and positive language. That, we believe, (in *this* case) *would* have cured the error— although, as stated in the opinion in the case of Green v. State, supra, "this court regards with caution the practice of admitting illegal evidence, and afterwards excluding it."

Reversed and remanded.

## Opinion after Remandment.

In our opinion heretofore promulgated in this case we said:

"Lewis, the chief State's witness, testified that sometime after the robbery he was in Meridian, Mississippi, and *saw* appellant *—this being brought out on cross-examination of Lewis,* as he was maintaining that he could not have been mistaken in his identification of appellant as the man who robbed him, and whom he saw for the first time on the night of the robbery." (Italics presently supplied).

Now, as we read their opinion, the Supreme Court holds on certiorari that because we said the above quoted testimony of Lewis was *brought out on cross-examination* the State had a right to introduce the testimony of Tom Upchurch (narrated in our *original* opinion) as "showing the entire transaction or conversation"—a part of which had been brought out by the defendant on cross-examination. And that for that reason our judgment reversing the judgment of conviction because of the admission of the said testimony of Tom Upchurch was in turn reversed by the Supreme Court.

But we were in error in the first place. The testimony of Lewis that "sometime after the robbery he was in Meridian, Mississippi, and saw appellant" was *not* brought out on his cross-examination, but was introduced by the State on its *direct* examination of Lewis.

We fell into the error, doubtless,—one never knows *exactly* why one overlooks the obvious—because of the fact that the defendant *did* on cross-examination of Lewis "touch on," again, the fact that Lewis saw the appellant "about three weeks ago;" and because of the fact that testimony was elicited from the State's *second* witness, Drinkard, on *cross-examination,* that *he* saw appellant "in Meridian about three weeks ago;" and that it developed that Lewis and Drinkard were *together* in Meridian when they each said they saw appellant.

Whatever the reason—unconscious—that we fell into error, fall we did. And we now frankly correct it.

So the testimony of Tom Upchurch, that he, to-wit: "Was with Lewis on the occasion in Meridian, Mississippi, when Lewis said he saw appellant; and that the man that Lewis saw *was* the appellant" becomes subject to the objection pointed out in the authorities cited by us in our original opinion; and the reason stated for its errorless admission in the opinion by the Supreme Court on certiorari becomes inapt.

It results that, according due deference to the said opinion by the Supreme Court Code 1923, Sec. 7318, it is yet our duty, after thus extending our original opinion, to enter an order of reversal of the judgment of conviction in this case because of the improper admission into the evidence of the said testimony of Tom Upchurch—which we hereby do.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Key v. State, Ala.Sup., 197 So. 364.