ON APPLICATION FOR REHEARING
The attorney general's application for rehearing is granted. The opinion of this *Page 1298 
Court issued November 13, 1992, is hereby withdrawn.[1] The following becomes the opinion in this case.
The appellant, William Ray Hudgins, was convicted of attempted rape in the first degree and was sentenced to life imprisonment as a habitual felony offender. On this appeal from that conviction he argues that he was denied his constitutional right of confrontation by the admission of evidence of the victim's out-of-court statements.
The victim in this case was three years old at the time of trial. She did not testify at trial. Prior to trial, the victim's mother told the prosecutor that her daughter would not be available to testify. R. 142.
During direct examination of the physician who examined the child at the emergency room, the following occurred:
 "Q. Please tell this jury what she said to you when you spoke with her initially about why she was there.
 "MR. ROBINSON [defense counsel]: Judge, I object to this as hearsay.
 "THE COURT: You are telling what the child said, Doctor?
"THE WITNESS: I will say both. My records —
"MR. ROBINSON: Your Honor, if I might —
"THE COURT: I want to know what the question is.
 "MS. HALL [assistant district attorney]: The question is, Dr. Squyers, you are allowed to say some things and not the others. What did the child say to you?
 "A. I asked the child what happened to her and she said daddy hurt me. I am pretty clear about this because when I examine children like that I realize —
". . . .
 "Q. Now, not what the mother said or what the cousin said, but did the child herself say anything else to you about why she was there?
"A. The child said daddy put his thing in me.
". . . .
 "Q. Let me ask you to refer to your report if you would and tell me once again what her exact words were.
 "A. Daddy hurt me and then when asked what did daddy do and how did daddy hurt you, daddy put his thing down in me." R. 46-49.
During the remainder of the State's case-in-chief, the prosecutor did not attempt to elicit any further testimony from any witness concerning the content of statements made by the victim.
After the prosecution rested its case-in-chief, defense counsel made a motion to exclude:
 "Judge, at this time I would move to exclude all the alleged statements made by the minor child as hearsay on the grounds that the child has been available and has not been offered properly as a witness here today against my client and I think that my client has a right to cross-examine all the witnesses against him and I believe this child is a witness against him and that right is guaranteed to him under the Constitution of the State of Alabama, Article I, Section 6." R. 139-140.
The trial court overruled that motion without comment.
The victim's mother was called as a defense witness. On direct examination, she testified that the victim "said that at first it was her daddy. And his brother was around and as soon as his brother was gone [the victim] told her therapist that *Page 1299 
Frankie [and not the appellant] had hurt her and told me that Frankie had hurt her and she told the exact same story stating the facts to me that morning but changing the name." R. 142.
After the prosecution rested its case on rebuttal, defense counsel "move[d] to exclude the evidence as [to] all hearsay statements made by the child. The State has had available to them the child who made the allegations and we have not had the opportunity for cross-examination of the child as required under Article I, Section 6, of the Constitution of the State of Alabama." R. 172. The trial court overruled that motion without comment.
We agree with the attorney general that this issue has not been preserved for appellate review.
First, the stated grounds of the objection and the motion to exclude raised at trial were "hearsay" and denial of the right of "cross-examination." That is not, however, the ground raised on appeal. "The right of confrontation is not necessarily coextensive with the hearsay rule." O.M. v. State,595 So.2d 514, 516 (Ala.Cr.App. 1991), cert. quashed, 595 So.2d 528 (Ala. 1992). See also D.D.P. v. State, 595 So.2d 528, 532
(Ala.Cr.App. 1991). As noted in White v. Illinois, ___ U.S. ___, ___ — ___, 112 S.Ct. 736, 743-744, 116 L.Ed.2d 848 (1992), "the question of what in-court procedures are constitutionally required to guarantee a defendant's confrontation right once a witness is testifying . . . is quite separate from that of what requirements the Confrontation Clause imposes as a predicate for the introduction of out-of-court declarations." See the concurring opinion of Justice Thomas in White v. Illinois, ___ U.S. at ___, 112 S.Ct. at 744, wherein he makes the observation that "this Court's cases unnecessarily have complicated and confused the relationship between the constitutional right of confrontation and the hearsay rules of evidence."
Neither at trial nor on appeal has the appellant argued the applicability of Ala. Code 1975, § 15-25-32. We note that by definition that section applies only to the out-of-court statement of a child "which statement is not otherwise admissible in evidence." Section 15-25-31.
Second, there was no ruling on the appellant's "hearsay" objection. "An adverse ruling is a preliminary requirement to preservation of error and appellate review. . . . Absent an adverse ruling the issue of the objection is not properly before this court." Van Antwerp v. State, 358 So.2d 782, 790
(Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978). "In order for this court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection must be made by the trial court." Goodson v. State, 540 So.2d 789,791 (Ala.Cr.App. 1988).
Third, the appellant's motion to exclude is not sufficient to preserve the matter for appellate review. A motion to exclude may not properly be made a predicate for error "in the absence of seasonable objections and exceptions." Copeland v. State,252 Ala. 399, 402, 41 So.2d 390, 393 (1949). Although an exception to an adverse ruling is no longer required, there must still be an adverse ruling. In White v. Illinois, ___ U.S. at ___, 112 S.Ct. at 741, it was noted that "unavailability analysis is a necessary part of the Confrontation Clause inquiry only when the challenged out-of-court statements were made in the course of a prior judicial proceeding." Furthermore, the record shows that the child was not available to testify during the presentation of the State's case-in-chief. On direct examination, the child's mother, a defense witness, testified that she told the district attorney that her child would not be available to testify, that she "didn't want to put her through that." R. 142. On cross-examination she testified that she "refused to come to my — to bring my daughter to court." R. 144. The day before the trial began, the mother told an assistant district attorney that she would not bring her daughter to court. R. 145. However, while the mother was testifying, the child was in the hall of the courthouse. The mother testified that she brought the child *Page 1300 
with her "because [she] didn't have anyone to keep her this afternoon." R. 147.
In addition, any error in the admission of the testimony concerning the child's statements to the treating physician were harmless. "A defendant cannot complain of the admission of improper evidence when he himself has testified to the same facts." Lewis v. State ex rel. Evans, 387 So.2d 795, 807
(Ala. 1980). Here, the mother testified in the appellant's defense and admitted that her child had in fact made the statement identifying the appellant as her abuser.
Although we dispose of this issue on the procedural grounds stated above, we note that in White v. Illinois, ___ U.S. ___,112 S.Ct. 736, the United States Supreme Court held that the prosecution was not required to produce at trial the four-year-old victim of a sexual assault or to have the trial court find that the victim was unavailable for testimony before the out-of-court statements of the child, describing the assault and identifying her assailant, could be admitted under the spontaneous declaration and medical examination established exceptions to the hearsay rule.
 "We note first that the evidentiary rationale for permitting hearsay testimony regarding spontaneous declarations and statements made in the course of receiving medical care is that such out-of-court declarations are made in contexts that provide substantial guarantees of their trustworthiness. But those same factors that contribute to the statements' reliability cannot be recaptured even by later in-court testimony. . . . [A] statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility that a trier of fact may not think replicated by courtroom testimony."
White v. Illinois, ___ U.S. at ___ — ___, 112 S.Ct. at 742-43
(footnote omitted).
The traditional rule in Alabama is set out in C. Gamble,McElroy's Alabama Evidence § 110.01(2) at 285-86 (4th ed. 1992):
 "The rule, which admits statements by the patient of his past sufferings and symptoms to his physician to show the basis of the physician's opinion, does not admit the patient's statements of past facts relating to the circumstances attending the injury or the question of responsibility for the injury or as to the cause or the way in which it occurred." (Footnotes omitted.)
Because it is not essential to the disposition of this appeal, we do not determine what effect, if any, White v. Illinois has upon the traditional rule in Alabama.
The judgment of the circuit court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; MOTION DENIED; AFFIRMED.
All Judges concur.
[1] "We fell into the error, doubtless, — one never knows exactly
why one overlooks the obvious — . . . . Whatever the reason — unconscious — that we fell into error, fall we did. And we now frankly correct it." Key v. State, 29 Ala. App. 435, 437,197 So. 360, 362 (1939) (emphasis in original). " ' "The matter does not appear to me now as it appears to have appeared to me then." ' . . . ' "I can only say that I am amazed that a man of my intelligence should have been guilty of giving such an opinion." If there are other ways of gracefully and good naturedly surrendering former views to a better considered position, I invoke them all.' " Ex parte Adkins,600 So.2d 1067, 1072 (Ala. 1992) (Houston, J., concurring in the result and quoting "as propitiation" the words of United States Supreme Court Justice Robert Houghwout Jackson in McGrath v.Kristensen, 340 U.S. 162, 177-78, 71 S.Ct. 224, 233,95 L.Ed. 173 (1950)).