BOWEN, Presiding Judge.
This appeal is from the order of the Juvenile Court of Madison County ordering the transfer of C.E.B., a juvenile and the appellant, to circuit court for criminal prosecution as an adult on a charge of capital murder. That order of transfer must be reversed.
I.
During the probable cause phase of the transfer hearing, the only evidence presented by the State against the appellant was the testimony of James Parker, an investigator with the Huntsville Police Department. Investigator Parker was permitted, over the objection of defense counsel, to testify to statements made by others implicating the appellant in the charged offense.
“[A]t a juvenile transfer hearing, hearsay evidence that violates the child’s right of confrontation may not even be admitted, much less constitute the sole basis for a finding of probable cause to transfer the child to circuit court, because such a practice violates Rules 11(H) and (I)[, A.R.Juv. P.,] and Ala.Code 1975, § 12-15-66(b).”
O.M. v. State, 595 So.2d 514, 518 (Ala.Cr. App.1991), writ quashed, 595 So.2d 528 (Ala. 1992).
Although defense counsel’s objections were not as specific as they could have been, see Hudgins v. State, 615 So.2d 1297, 1299 (Ala. Cr.App.1993), her objection — “we would move to dismiss based on lack of probable cause” — was sufficient to preserve the issue for review. See Ex parte Maxwell, 439 So.2d 715, 717 (Ala.1983) (“To preserve the issue for appeal, it is necessary for [the] defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court’s attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case.”). See also Ex parte Johnson, 620 So.2d 665, 668-69 (Ala.1993).
II.
We decline to address the question whether the appellant’s statement to his probation officer was taken in violation of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and his rights under Rule 11(A), A.R.Juv.P. We do note that the appellant was in custody when the statements were given; therefore, those statements are presumed involuntary and inadmissible.
“It is well settled in this state that an extrajudicial statement is presumed to be involuntary and is inadmissible at trial unless the State presents sufficient evidence to show that the statement was in fact voluntary and that the proper Miranda warnings were given. Ex parte Johnson, 522 So.2d 234 (Ala.1988); Crowe v. State, 485 So.2d 351 (Ala.Cr.App.1984), reversed on other grounds, 485 So.2d 373 (Ala.1985). When the State seeks the admission of the statement of a juvenile, the State must show that the juvenile was advised of his rights under Rule 11(A), A.R.Juv.P., rather than the standard Miranda rights of which adults are advised. See Ex parte Whisenant, 466 So.2d 1006 (Ala.1985); Scott v. State, 501 So.2d 1273 (Ala.Cr.App.1986).”
Carr v. State, 545 So.2d 820, 822 (Ala.Cr.App. 1989). Should the prosecution wish to introduce the appellant’s statements to the probation officer without showing that the appellant was advised of his Rule 11(A) rights, the prosecution must first establish that the officer was not acting as an agent of the police.
The order of the juvenile court transferring the appellant to circuit court for criminal prosecution as an adult is reversed. This cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.