TAYLOR, Presiding Judge.
The appellant, C.E.B., Jr., appeals the order of the juvenile court transferring him to the circuit court to stand trial as an adult. In C.E.B. v. State, 661 So.2d 786 (Ala.Cr.App.1994), this court reversed a previous transfer order because the finding of probable cause was based entirely upon hearsay testimony. The appellant is charged with capital murder, a violation of § 13A-5-40, Code of Alabama 1975.
The evidence tended to show that on May 24, 1994, the appellant and three other individuals were traveling along Rolling Hills Road in Huntsville, Alabama, in a gray Honda Accord automobile. A white Chevrolet Cavalier automobile was pursuing them. At the intersection of Knollbrook Drive and Rolling Hills Road, the appellant leaned out of the car window and fired three shots at the Cavalier. Sixteen year-old Davin Jefferson, a passenger in that car, died when a bullet struck him in the head. The shooting appeared to be gang related.
I
The appellant contends that the evidence presented during the transfer hearing was insufficient to establish probable cause that he was the individual who fired the shots at the Cavalier. Specifically, he asserts that the state’s witnesses were possible accomplices and that their testimony conflicted. The appellant also asserts that much of the investigating officer’s testimony was hearsay.
William Gaiter testified that he was driving the car in which the appellant was riding in the afternoon of May 24. The appellant sat in the front passenger’s seat, and Travis Crutcher and David Strong were sitting in the back seats. Gaiter stated that initially they were following the Cavalier because its occupants were members of a rival gang know as the “Bloods.” The Cavalier stopped, and several individuals exited the vehicle and began running toward the Honda, yelling and threatening to fight. Gaiter said that he turned the Honda around and drove away. The Cavalier pursued them. As he turned his vehicle onto Rolling Hills Road, Gaiter heard three shots. Gaiter testified that the appellant was hanging out of the car window, and that when the appellant pulled his arm back into the car, he was holding a gun in his hand. The appellant’s window was the only one in the car that was rolled down. After the shooting, Gaiter drove the Honda to a friend’s house, where Crutcher placed the gun in the trunk of the car.
Travis Crutcher corroborated Gaiter’s account of the events of that afternoon. Crutcher testified that, as they were turning onto Rolling Hills Road, someone shouted, “Somebody’s running towards the car! And they got a gun!” Crutcher testified that everyone in the car ducked. He then heard shots. When he looked up, he saw the appellant placing a gun under the seat.
Investigator Bud Parker with the Huntsville Police Department testified that on May 24, 1994, he arrived at the crime scene at Rolling Hills Road. Several police officers were present. The victim, Davin Jefferson, was in the Cavalier. An autopsy report indicated that his death had been caused by a gunshot wound to the head. On cross-examination Investigator Parker admitted that the eyewitness reports taken at the scene of the shooting were conflicting as to the shooter’s identity. However, the reports did not conflict as to the shooter’s vehicle, which was described by eyewitnesses as a black or gray Honda Accord.
The purpose of a transfer hearing is not to adjudicate guilt but to determine whether sufficient evidence exists to establish probable cause. A.M. v. State, 621 So.2d 369 (Ala.Cr.App.1992). “Probable cause has been defined by this Court as that which would “warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the juvenile in question is the offender.’ Vincent v. State, 349 So.2d 1145 (Ala.1977).” Duncan v. State, 394 So.2d 930, 932 (Ala.1981). The juvenile court’s finding of probable cause will not be reversed unless it is clearly erroneous. A.M. v. State.
Based upon the testimony at the hearing, it would be reasonable to believe that the deceased was killed by a bullet and that that bullet was from a gun fired by the *924 appellant. The appellant’s complaint that Gaiter and Crutcher were possible accomplices presents an issue of weight and credibility of the evidence that is not reviewable on appeal. Glover v. State, 610 So.2d 1253 (Ala.Cr.App.1992). In addition, the hearsay portions of Investigator Parker’s testimony were elicited by the appellant during cross-examination, and they were not necessary to establish probable cause.
The juvenile court did not err in finding probable cause that the appellant committed the offense.
II
The appellant next contends that the juvenile court’s decision to transfer him during the dispositional phase of the hearing was not supported by clear and convincing evidence.
“ ‘Clear and convincing evidence is most easily defined as the evidentiary standard that lies somewhere between a preponderance of evidence and evidence probative beyond a reasonable doubt’.... The standard has been explained as that evidence which convinces the trier of fact that a proposition is ‘highly probable,’ as distinguished from ‘more probable than not.’ ” D.D.P. v. State, 595 So.2d 528, 538 (Ala.CrApp.1991). (Citations omitted).
The written transfer order stated that the court considered the six factors enumerated in § 12-15-34, as it was required to do. The transfer order stated that the basis of the transfer was the serious nature of the offense, the lack of effective treatment available for this appellant in the juvenile court system, the appellant’s demeanor, and the appellant’s physical and mental maturity.
The serious nature of the offense in this case is obvious. Evan Webster, the appellant’s probation officer, testified that the juvenile system had nothing to offer the appellant and he recommended that the appellant be transferred. The trial court made its own observations of the appellant’s demeanor and physical and mental maturity. The juvenile court’s order to transfer the appellant is supported by clear and convincing evidence.
For the foregoing reasons, the order of the juvenile court is due to be affirmed.
AFFIRMED.
All the Judges concur.